United States District Court
Southern District of Texas
FILED

MAR 10 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO CANSECO and § <br> RELIABLE AMBULANCE SERVICES, § <br> INC., § <br> § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> THE UNITED STATES OF AMERICA, § <br> CARL NEIRA, Internal Revenue Service § <br> Agent, LUIS GUERRA, Internal Revenue § <br> Service Agent, ROBERT L. DAVILA, § <br> Criminal Investigation Division Officer, § <br> and VICTOR G. GUEVARA, Criminal § <br> Investigation Division Officer, § <br> § <br> Defendants. § | CIVIL ACTION NO. C-00-104 <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Fernando Canseco, Plaintiff, complains of The United States of America, Carl Neira, Individually and in his official capacity as an Agent for the Internal Revenue Service, Luis Guerra, Individually and in his official capacity as an Agent for the Internal Revenue Service, Robert L. Davila, Individually and in his official capacity as an Agent for the Criminal Investigation Division, Internal Revenue Service and Victor G. Guevara, Individually and in his official capacity as an Agent for the Criminal Investigation Division, Internal Revenue Service.

### A. PARTIES

1. Plaintiff, Fernando Canseco, is an individual taxpayer who is a citizen of the United States and of the State of Texas and resides at 6018 Parkland Drive, Corpus Christi, Texas.

2. Plaintiff, Reliable Ambulance Services, Inc., is a corporation authorized to do business in the State of Texas.

3. Defendant, The United States of America, may be served by process by serving The Attorney General of the United States, Ms. Janet Reno, 900 Constitution Avenue, N.W., Washington, D.C. 2000, and to District Counsel, Internal Revenue Service, 300 East 8th Street, Austin, Texas 78701.

4. Defendant, Carl Neira, being sued in his individual capacity, is an employee of the Internal Revenue Service, and may be served at his place of employment, Internal Revenue Service, Government Building, 400 Mann Street, Corpus Christi, Texas.

5. Defendant, Luis Guerra, being sued in his individual capacity, is an employee of the Internal Revenue Service and may be served at his place of employment, The Internal Revenue Service, Government Building, 400 Mann Street, Corpus Christi, Texas.

6. Defendant, Robert L. Davila, being sue in his individual capacity, is an employee of the Department of The Treasury, Internal Revenue Service and may be served at his place of employment, Department of the Treasury, Internal Revenue Service, 5835 Callaghan Road, San Antonio, Texas 78228.

7. Defendant Victor G. Guevara, being sued in his individual capacity, is an employee of the Department of The Treasury, Internal Revenue Service and may be served at his place of employment, Department of the Treasury, Internal Revenue Service, 5835 Callaghan Road, San Antonio, Texas 78228.

## B. JURISDICTION

8. The Court has jurisdiction over the lawsuit because the actions arise under federal

statute and the Fourth and Fifth and Sixth Amendments to the United States Constitution and the Internal Revenue Code Sections 6304(a)(2), (C) and 7521 (Taxpayer's Bill of Rights), and Federal case law[1].

### C. FACTS AND CLAIM UNDER *BIVENS*[1]

### 1. Allegations

9. Carl Neira and Luis Guerra are agents of the Internal Revenue Service and engaged in an illegal search of the corporate records of Reliable Ambulance Services, Inc., a C corporation for which the Plaintiff, Fernando Canseco, is the sole shareholder, in direct violation of the due process rights of the Plaintiff, and the Fourth Amendment right protecting him from illegal search.

10. Neira and Guerra, in violation of the taxpayer's Fifth Amendment due process rights and in retaliation for the Plaintiff's assertion of his rights by filing a tax refund suit in April of 1998, engaged in an attempt to entrap the Plaintiff taxpayer into committing an illegal act, in the guise of trying to "settle" this matter.

11. Neira and Guerra attempted to deny the Plaintiff his Sixth Amendment right to counsel and to the assistance of his duly designated tax preparer. This action was taken in order to further the IRS Agents' entrapment scheme against the Plaintiff.

12. After the taxpayer, his attorney, and his accountant reported the illegal conduct of the IRS Agents to the United States Secret Service, and subsequently to the FBI, the IRS and CID

---

[1] ***Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 40 U.S. 388, 1974.**

Agents retaliated by threatening taxpayer's Accountant, Mr. Vince Sepulveda, CPA, who held an IRS Power of Attorney for both Reliable Ambulance and Mr. Canseco. Mr. Sepulveda was the subject of an interrogation by two CID Agents and the FBI. The FBI Agent secured the presence of Mr. Sepulveda at his offices under false pretenses. These agents demanded the cooperation of Mr. Sepulveda, made false allegations against the taxpayer, threatened Mr. Sepulveda with the loss of his license, and denigrated the taxpayer's attorney, Tony Canales. These acts of retaliation and intimidation violate the taxpayer's right to due process and to be free from harassment by his government.

13. The above named parties, Luis Guerra and Carl Neira in concert with the Federal Bureau of Investigation and the CID Agents Robert L. Davila and Victor G. Guevara, conducted a criminal sting operation under the guise of conducting an examination of corporate records of Reliable Ambulance Services, Inc., for fiscal tax years January 31, 1995 and January 31, 1996, in violation of the due process rights of Plaintiff. This activity is in violation of the Internal Revenue Code Section 6304(c) and the Internal Revenue Manual Section 4565.1.

## 2. Facts

14. In an effort to work with the IRS, Plaintiff and his tax preparer who is a Certified Public Accountant, Vince Sepulveda, compiled and organized the corporate documents requested by Neira and Guerra for fiscal years January 31, 1995 and January 31, 1996. On May 6, 1998, Agent Guerra came to this attorney's office, presumably to review the documents. Guerra did not review the information but merely indicated it was sufficient.

15. After Agent Guerra completed his cursory review, Mr. Sepulveda invited both Agent Guerra and Plaintiff to lunch. Mr. Sepulveda inquired whether they could buy Agent Guerra's

lunch. Guerra said that was permissible.

16. After lunch on May 6, 1998, Mr. Guerra called Plaintiff at his place of business. Mr. Guerra told Plaintiff that he needed to open subsequent years for audit of the corporation, Reliable Ambulance Service, Inc. (RAS). When Plaintiff agreed to comply with Mr. Guerra's oral request for corporate audit, Mr. Guerra went on to say that he could fix the whole matter for Plaintiff because he was still the auditor in the case. Mr. Guerra suggested that he and Plaintiff meet at the Olive Garden Restaurant that night, without Mr. Sepulveda or Plaintiff's attorney present. This contact with the taxpayer by the IRS is improper when the Agent is aware that the taxpayer is represented by counsel and when the tax preparer has been appointed a power of attorney to represent the taxpayer.

17. Immediately after this telephone conversation, Plaintiff contacted his tax preparer, Mr. Sepulveda, and his attorney to inform them of Mr. Guerra's attempt to "settle" this matter. Plaintiff was instructed to tape all conversations with the Internal Revenue Service Agents, and was instructed by counsel and his CPA not to meet with Mr. Guerra without the presence of his legal representatives.

18. On May 12, 1998, Plaintiff, Fernando Canseco, met with his lawyer, Michael Stukenburg in the presence of Mr. Sepulveda, CPA, United States Secret Service Agent, Scott Donovan and FBI Agent, Richard Wallace. At this meeting various tape recordings were heard, including Agent Guerra calling Plaintiff's place of business and requesting an after hours meeting without Plaintiff's CPA or Attorney present. Mr. Donovan advised Plaintiff to turn the tape recordings over to FBI Agent Richard Wallace. Plaintiff complied with the Secret Service's request.

19. On May 20, 1998, FBI Agent Richard Wallace contacted Mr. Sepulveda and requested that he come to the FBI Office to answer questions regarding audit papers belonging to the Plaintiff. Upon arrival at the FBI Office at One Shoreline Plaza, Mr. Sepulveda was taken into an interrogation room. Present were IRS Criminal Investigation Division (CID) Officers Robert L. Davila and Victor Guevara, together with FBI Agent Richard Wallace to whom Plaintiff had given the tapes of his calls from IRS Agent Guerra. At this time the CID Officers informed Mr. Sepulveda that they had been conducting a "sting operation" against Plaintiff. Agent Wallace also notified Mr. Sepulveda that he had been involved with the "sting operation" before taking receipt of Plaintiff's tapes.

20. Mr. Sepulveda holds the Power of Attorney from Plaintiff to represent him before the Internal Revenue Service. The Agents threatened Mr. Sepulveda's CPA license if he did not cooperate in an effort to find wrong-doing on the part of Plaintiff. They indicated that there had been an ongoing investigation of Mr. Canseco and that no attorney "would ever be able to get their investigative reports"or determine when their investigation began, and that Tony Canales was "evil".

21. These Internal Revenue Agents, if in fact there was a criminal investigation going on, should not have been conducting an audit, simultaneously and should not have been participating in an operation with CID. The Internal Revenue Service should have informed Plaintiff of the nature of the investigation. These Agents were acting in violation of the Internal Revenue Code by using the civil audit process to acquire information without informing the taxpayer of the true nature of their mission. This constitutes a violation not only of the Internal Revenue Services' internal controls (Internal Revenue Manual 9781, Sec. 342.132) but also violates the Fourth

Amendment of the Constitution as an unlawful search, the Sixth Amendment's right to counsel and the Fifth Amendment right against self-incrimination..

22. The attempt to intimidate Mr. Sepulveda, representative for the taxpayer, by threatening his license, was committed in violation of the rights of the taxpayer, and infringed upon his right to due process in violation of the Fifth Amendment to the United States Constitution.

23. These Defendant Agents have acted contrary to the IRS' internal policies, federal law and the United States Constitution, and engaged in harassment of the taxpayer. Carl Neira continues to consult on these matters and to retaliate against the taxpayer. On February 28, 2000, Mr. Canseco was informed that his personal tax return for tax year 1995 had been opened for audit. Any and all IRS Audits opened during the "sting" or after the "sting" are viewed as retaliation on the part of IRS, and as such are illegal in nature.

24. This action is brought pursuant to the standards articulated in **_Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics_**, *403 U.S. 388, 1974.*

### D. DAMAGES

25. Plaintiff has been damaged by these Agents and their dilatory tactics. *Bivens* allows monetary damages for such violations. Plaintiff has incurred damages in excess of the minimum jurisdictional limits of $10,000.

26. Plaintiffs also sues for his attorneys' fees and additional accounting costs, as allowed by law.

### DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand trial by jury.

WHEREFORE, Plaintiffs request judgment in the amount of $250,000.00, together with such interest and costs as are allowed by law, plus accounting and attorneys' fees in excess of $100,000.00 and such other relief as the Court may deem just and equitable.

Respectfully submitted,

JO ELLEN HEWINS
Federal I.D. No. 12421
State Bar No. 09367857
**CANALES & SIMONSON, P.C.**
Attorneys at Law
2601 Morgan Ave.-P.O. Box 5624
Corpus Christi, Texas 78465-5624
(361) 883-0601
(361) 884-7023 - Fax
**ATTORNEYS FOR PLAINTIFFS**