United States District Court
Southern District of Texas
FILED

APR 0 3 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO CANSECO and | ) |
| RELIABLE AMBULANCE SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. C-00-104 |
| | ) |
| UNITED STATES OF AMERICA, CARL | ) |
| NEIRA, Internal Revenue Service | ) |
| Agent, LUIS GUERRA, Internal | ) |
| Revenue Service Agent, ROBERT L. | ) |
| DAVILA, Criminal Investigation | ) |
| Division Officer, and VICTOR G. | ) |
| GUEVARA, Criminal Investigation | ) |
| Officer, | ) |
| | ) |
| Defendants. | ) |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26 was held, and
    identify the counsel who attended for each party.

    The meeting was held by phone on April 3, 2000.   Attending was Jo Ellen Hewins for the
Plaintiffs, and for the Defendants Joseph Pitzinger and Cynthia Vance.[1]

2.  List the cases related to this one that are pending in any state or federal court, with
    the case number and court.

    Canseco v. United States, C-98-160 pending in the United States District Court for the
Southern District of Texas, Corpus Christi Division.

3.  Briefly describe what this case is about.

---

[1] Joseph Pitzinger and Cynthia Vance have not yet had an opportunity to review all of the
files in this matter.  They are still waiting on information from the agency in order to make a
determination regarding any potential conflicts of interest.  This Joint/Discovery Case
Management Plan is being filed on behalf of all Defendants as a precautionary matter.

Plaintiffs, Fernando Canseco and Reliable Ambulance Services, Inc, are bringing an action for damages against the United States and four of its employees, individually and in their official capacity. They claim that the employees violated their Fourth, Fifth and Sixth Amendment Rights. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and I.R.S. Regulations and Policies. The individual Defendants aver that the Plaintiffs have not stated a violation of constitutional rights. In the alternative, if the Plaintiffs have stated a violation of constitutional rights, the individual defendants did not actually violate the Plaintiffs' rights, or the individual Defendants are entitled to qualified immunity. The United States avers that it has not waived its right to sovereign immunity to the allegations in the complaint and the individuals being sued in their official capacity have the same right to sovereign immunity as the United States.

4.      Specify the allegation of federal jurisdiction.

The Plaintiffs allege that the Court has jurisdiction under federal statute and the Fourth, Fifth and Sixth Amendment of the United States Constitution and 26 U.S.C. §§ 6304(a)(2)(C) and 7521 (Taxpayers Bill of Rights).

5.      Name the parties who disagree and the reasons.

The Defendants agree that the Court has jurisdiction over the individual defendants being sued in their individual capacity for alleged constitutional torts under the Fourth Amendment. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It is unclear whether other constitutional amendments provide jurisdiction or alternatively, whether the violation of such constitutional amendments is a basis for a cause of action. The individuals being sued in their official capacity, and the United States, assert that the Court lacks jurisdiction because they are entitled to sovereign immunity, and it has not been waived.

Additionally, the Defendants claim lack of jurisdiction based on improper service of process. The individual defendants and the Attorney General have been served but statute requires additional service on the United States Attorney and the agency involved (the Internal Revenue Service).

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.
        None.

7.      List anticipated interventions.
        None.

8.      Describe class-action issues.
        None.

N:\USERS\cvance\jntdiscasemngplan.wpd          2

9.      State whether each party represents that it has made the initial disclosures required
        by Rule 26(a).  If not, describe the arrangements that have been made to complete
        the disclosures.

        These disclosures have not yet been made.  It is the position of the Defendants that
discovery, including initial disclosures under Rule 26(a), should be postponed until they have had
an opportunity to file a motion to dismiss or otherwise claim sovereign and/or qualified immunity.
Williamson v. United States, 815 F.2d 368 (5th Cir. 1987).  See also  Harlow v. Fitzgerald, 475
U.S. 800, 816-18, 102 S.Ct. 2727, 73 L.Ed.2d. 396 (1982) (the protection afforded government
officials by the doctrines of absolute and qualified immunity would be greatly depreciated if it did
not include protection from discovery).

10.     Describe the proposed agreed discovery plan, including:

        A.      Responses to all the matters raised in Rule 26(f).
        B.      When and to whom the plaintiff anticipates it may send
                interrogatories.
        C.      When and to whom the defendant anticipates it may send
                interrogatories.
        D.      Of whom and by when the plaintiff anticipates taking oral
                depositions.
        E.      Of whom and by when the defendant anticipates taking oral
                depositions.
        F.      When the plaintiff (or the party with the burden of proof on an
                issue) will, be able to designate experts and provide the reports
                required by Rule 26(a)(2)(B), and when the opposing party will be
                able to designate responsive experts and provide their reports.
        G.      List expert depositions the plaintiff (or the party with the burden of
                proof on an issue) anticipates taking and their anticipated
                completion date.  See Rule 26(a)(2)(B) (expert report).
        H.      List expert depositions the opposing party anticipates taking and
                their anticipated completion date.  See Rule 26(a)(2)(B) (expert
                report).

        It is the Defendants' position that discovery should be postponed until they have had an
opportunity to file a motion to dismiss or otherwise claim sovereign and/or qualified immunity.
Williamson v. United States, 815 F.2d 368 (5th Cir. 1987).  See also  Harlow v. Fitzgerald, 475
U.S. 800, 816-18, 102 S.Ct. 2727, 73 L.Ed.2d. 396 (1982) (the protection afforded government
officials by the doctrines of absolute and qualified immunity would be greatly depreciated if it did
not include protection from discovery).

11.     If the parties are not agreed on a part of the discovery plan, describe the separate
        views and proposals of each party.

12.     Specify the discovery beyond initial disclosures that has been undertaken to date.
        None.

13.     State the date the planned discovery can reasonably be completed.

        An estimate of when discovery can be completed cannot be made at this time.   The
Defendants aver that discovery should be postponed until they have had an opportunity to file a
motion to dismiss or otherwise claim sovereign and/or qualified immunity, and the Court has
issued a ruling on that motion.  <u>Williamson v. United States</u>, 815 F.2d 368 (5th Cir. 1987).  <u>See</u>
<u>also</u>  <u>Harlow v. Fitzgerald</u>, 475 U.S. 800, 816-18, 102 S.Ct. 2727, 73 L.Ed.2d. 396 (1982) (the
protection afforded government officials by the doctrines of absolute and qualified immunity
would be greatly depreciated if it did not include protection from discovery).  Once the
Defendants have filed their motion claiming immunity, and it has been ruled upon by the Court,
the parties will be in a better position to make an estimate as to when discovery, as to any
remaining issues, can be completed.

14.     Describe the possibilities for a prompt settlement or resolution of the case that
        were discussed in your Rule 26(f) meeting.

        The Defendants do not believe that settlement negotiations are appropriate at this time.
Once the Defendants have filed their motion claiming immunity, and it has been ruled upon by the
Court, the parties will be in a position to look at possibilities for a prompt settlement of any
remaining issues.

15.     Describe what each party has done or agreed to do to bring about a prompt
        resolution.

        The Defendants do not believe that settlement negotiations are appropriate at this time.
Once the Defendants have filed their motion claiming immunity, and it has been ruled upon by the
Court, the parties will be in a position to look at possibilities for a prompt settlement of any
remaining issues.

16.     From the attorneys' discussions with the client, state the alternative dispute
        resolution techniques that are reasonably suitable, and state when such a technique
        may be effectively used in this case.

        The Defendants do not believe that settlement negotiations are appropriate at this time.
Once the Defendants have filed their motion claiming immunity, and it has been ruled upon by the
Court, the parties will be in a position to look at possibilities for a prompt settlement of any
remaining issues.

17.     Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint
        position on a trial before a magistrate judge.

The United States agrees to have this case heard by the Magistrate.

18.     State whether a jury demand has been made and if it was made on time.
        A jury demand was made by the Plaintiffs.

19.     Specify the number of hours it will take to present the evidence in this case.

        At this time, the Defendants are unable to determine the amount of time it will require to present the evidence in this case. Once the Defendants have filed their motion to dismiss and it has been ruled upon by the Court, they will be in a better position to make this determination.

20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.
        None.

21.     List other pending motions.
        None.

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

23.     Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing: for original and any amendments.

        The Plaintiffs filed their Disclosure of Interested Parties on March 28, 2000. The Defendants filed their Disclosure of Interested Parties on March 30, 2000.

24.     List the names, bar numbers, addresses, and telephone numbers of all counsel.

_____        4-3-2000
JO ELLEN HEWINS                         Date
State Bar No. 09367857
CANALES & SIMONSON, P.C.
2601 Morgan Avenue
Corpus Christi, Texas 78405
(361) 883-0601
(361) 884-7023 (FAX)

ATTORNEY FOR PLAINTIFF

_____     _____
JOSEPH A. PITZINGER, III                           Date
Texas Bar No. 16055800
CYNTHIA A. VANCE
State Bar No. 00791843
Attorneys, Tax Division
Department of Justice
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9728 or 9762
(214) 880-9742 (FAX)

ATTORNEYS FOR THE UNITED STATES

N:\USERS\cvance\jntdiscasemngplan.wpd          6