```
                                        United States District Court
                                        Southern District of Texas
                                                ENTERED
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS     APR 1 7 2000
                CORPUS CHRISTI DIVISION
                                        Michael N. Milby, Clerk of Court
```

FERNANDO CANSECO and §
RELIABLE AMBULANCE SERVICES, §
INC. §
 §
V. § C.A. NO. C-00-104
 §
THE UNITED STATES OF AMERICA, §
CARL NEIRA, Internal Revenue §
Service Agent, LUIS GUERRA, §
Internal Revenue Service Agent, §
ROBERT L. DAVILA, Criminal §
Investigation Division Officer, §
and VICTOR G. GUEVARA, Criminal §
Investigation Division Officer §

## **GENERAL ORDER**

The following shall apply in the above-styled action:

I.  <u>Scheduling Order</u>.  Once Scheduling Order is entered, no continuance will be granted.

   A.  <u>Dates/Deadlines that cannot be extended even by agreement</u>:  Trial date; Final Pretrial Conference; Joint Pretrial Order; Dispositive Motions; Request for <u>Daubert</u> and <u>Markman</u> hearings.

   B.  <u>Dates/Deadlines that can be extended by agreement</u>:  Joinder of Parties; Amendment of Pleadings; Discovery; Designation of Experts/Responsive Experts; and deadline for reporting results of mediation.  The extension of these deadlines may not be used to extend the "non-extendable" deadlines.

C. <u>Discovery Policy</u>. No discovery shall be filed with the Court. Each party is ordered not to file any discovery motion without prior telephonic permission of the Court.

(1) Each party is ordered to bring any discovery issue to the Court's attention immediately. At first sign of a discovery problem, all parties shall make a joint telephone call to the case manager who will schedule a joint conference call with the Court that same day. In the initial call to the case manager, each party is to describe the discovery issue. If any party wants the Court to have a written document (i.e. interrogatories, request for admission, etc.) prior to the Court telephonic hearing, that party may hand deliver or fax said documents (not in pleading form) to the case manager so long as the sending party notifies every other party of the identity of each document and the intention to provide the document. Failure to participate in either of these phone calls may be grounds for sanctions.

(2) Any anticipated discovery problem will be discussed at the Rule 16 conference.

(3) All motions pending at the time of Rule 16 conference will be heard at that time.

II. <u>Mediation Order will be entered</u>. The parties shall select the mediator and time for mediation. If parties cannot agree on mediator, they can apply to the Court for appointment of a mediator. Any party, as the case is discovered, who determines

2

that case is not suitable for mediation shall file a motion to vacate mediation order and it will be vacated as to that party only. The Court will not force any party to mediation that does not believe the case suitable for mediation.

    III.  <u>Motions to Substitute Counsel</u>.  Motions to substitute counsel must include the signatures of the withdrawing counsel, the proposed new counsel, and the client.  The motion must also include a statement that the substitution will not result in any delays in the case and that the substituting counsel is familiar with the Court's Scheduling Order.

    IV.  <u>Motions to Withdraw</u>.  Motions to withdraw without a substitution of counsel must include the client's signature, a complete recitation of the Scheduling Order and the client's address and phone number for service (or reasons for inability to obtain the information).  If the client does not agree to the withdrawal, then a hearing will be held.

    V.  <u>Tabbing of Exhibits</u>.  All exhibits to motions shall be tabbed.

    VI.  <u>Rule 26 Disclosure Notices</u>.  Do not file Rule 26 disclosure notices with the Court except as to names of persons with relevant knowledge and names of expert witnesses.

    ORDERED this _14th_ day of April, 2000.

                                                             _____
                                                             JANIS GRAHAM JACK
                                                             UNITED STATES DISTRICT JUDGE

3