IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 0 2000

MICHAEL N. MILBY CLERK

| | |
|---|---|
| FERNANDO CANSECO and | ) |
| RELIABLE AMBULANCE SERVICES, INC., | ) |
| Plaintiff, | ) |
| v. | )   CIVIL NO. C-00-104 |
| UNITED STATES OF AMERICA, CARL | ) |
| NEIRA, Internal Revenue Service | ) |
| Agent, LUIS GUERRA, Internal | ) |
| Revenue Service Agent, ROBERT L. | ) |
| DAVILA, Criminal Investigation | ) |
| Division Officer, and VICTOR G. | ) |
| GUEVARA, Criminal Investigation | ) |
| Officer, | ) |
| Defendants. | ) |

**INDIVIDUAL DEFENDANTS' BRIEF IN
SUPPORT OF THEIR MOTION TO DISMISS, OR IN
THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

PAULA M. JUNGHANS
Acting Assistant Attorney General

JOSEPH A. PITZINGER, III
State Bar No. 16055800
CYNTHIA A. VANCE
State Bar No. 00791843
Attorneys, Tax Division
Department of Justice
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9721; 9728; 9762

MERVYN M. MOSBACKER
United States Attorney

May 2000

**INDEX**

I.      ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    OVERVIEW OF CONSTITUTIONAL TORTS UNDER *BIVENS* . . . . . . . . . . . . . . . . 3

IV.     THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
        IMMUNITY FROM PLAINTIFFS' CLAIMS, BECAUSE THEIR CONDUCT DID
        NOT VIOLATE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF
        WHICH A REASONABLE PERSON WOULD HAVE KNOWN . . . . . . . . . . . . . . . . 6

V.      FOURTH AMENDMENT ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VI.     FIFTH AMENDMENT ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VII.    SIXTH AMENDMENT ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

VIII.   PLAINTIFFS HAVE STATED NO CLAIM FOR RELIEF BASED ON IRS
        AUDITS OF THEIR TAX RETURNS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

IX.     THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO SUMMARY
        JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

X.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**CITATIONS**

Cases:

Anderson v. Creighton, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Baddour, Inc. v. United States, 802 F.2d 801 (5th Cir. 1986) . . . . . . . . . . . . . . . 15, 19
Baker v. McCollan, 443 U.S. 137 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Baker v. Putnal, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Bivens, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
        403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2- 4
Brewer v. Williams, 430 U.S. 387 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
Brown v. Johnson, 889 F. Supp. 355 (W.D. Ark. 1995) . . . . . . . . . . . . . . . . . . . . . . 19
Brown v. United States, 653 F.2d 196 (5th Cir. 1981), reh'g denied,
        659 F.2d 1075 (5th Cir. 1981), cert. denied, 456 U.S. 925 (1982) . . . . . . . . . . 20
Butz v. Economou, 438 U.S. 478 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CIMPDF - www.texto.com

Cameron v. Internal Revenue Service, 773 F.2d 126 (7th Cir.1985) . . . . . . . . . . . . 15, 19

Capozzoli v. Tracey, 663 F.2d 654 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . 20

Carlson v. Green, 446 U.S. 14 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Cleavinger v. Saxner, 474 U.S. 193 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Crawford-El v. Britton, 523 U.S. 574, 118 S. Ct. 1584 (1998) . . . . . . . . . . . . . . . . 7

Davis v. Passman, 442 U.S. 228 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

Donaldson v. United States, 400 U.S. 517 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Duckett v. City of Cedar Park, Texas, 950 F.2d 272 (5th Cir. 1992) . . . . . . . . . . . . . 10

Felak v. United States, 677 F. Supp. 606 (D. Minn. 1988) . . . . . . . . . . . . . . . . . . . . 20

Flank v. Sellers, 661 F. Supp. 952 (S.D. N.Y.1987) . . . . . . . . . . . . . . . . . . . . . . . . . 16

Foster v. City of Lake Jackson, 28 F.3d 425 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . 10

Garcia v. United States, 666 F.2d 960 (5th Cir. 1982), cert. denied,
        459 U.S. 832 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Guiffre v. Bissell, 31 F.3d 1241 (3d Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Harlow v. Fitzgerald, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6-7

Hollett v. Browning, 711 F. Supp. 1009 (E.D. Calif. 1988) . . . . . . . . . . . . . . . . . . . . 19

Hunter v. Bryant, 502 U.S. 224 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Jackman v. D'Agostino, 669 F. Supp. 43 (D. Conn.1987) . . . . . . . . . . . . . . . . . . . . . 15

Johnston v. City of Houston, 14 F.3d 1056 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . 10

Laing v. United States, 423 U.S. 161 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Lopez v. United States, 373 U.S. 427 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Lynch v. Cannatella, 810 F.2d 1363 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mack v. Alexander, 575 F.2d 488 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Michigan v. Jackson, 475 U.S. 625 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Miranda v. Arizona, 384 U.S. 436 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Mitchell v. Forsyth, 472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

Morales v. Haynes, 890 F.2d 708 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . 15, 19

Morin v. Caire, 77 F.3d 116 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

National Commodity and Barter Association v. Archer, 31 F.3d 1521
        (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

National Commodity and Barter Ass'n, National Commodity Exchange v. Gibbs,
        886 F.2d 1240 (10th Cir. 1989), after remand, 31 F.3d 1521
        (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

Nelson v. Silverman, 888 F. Supp. 1041 (S.D. Calif. 1995) . . . . . . . . . . . . . . . . . 15-16

Pleasant v. Lovell, 876 F.2d 787 (10th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Procunier v. Navarette, 434 U.S. 555 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rodriguez v. United States, 629 F. Supp. 333 (N.D. Ill. 1986) . . . . . . . . . . . . . . . . . 20

Rosado v. Curtis, 885 F. Supp. 1538 (M.D. Fla. 1995), aff'd, 84 F.3d 437
        (11th Cir. 1996), cert. denied, 519 U.S. 1058 (1997) . . . . . . . . . . . . . . . . . . . . 19

Rutherford v. United States, 702 F.2d 580 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . 18-20

Salas v. Carpenter, 980 F.2d 299 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

CXMPDF - www.texta.com

Siegert v. Gilley, 500 U.S. 226 (1991) ........................................ 4

Sorrells v. United States, 287 U.S. 435 (1932) ............................... 14

Texas Faculty Association v. University of Texas at Dallas, 946 F.2d 379
    (5th Cir. 1991) ......................................................... 10

Todd v. Hawk, 72 F.3d 443 (5th Cir. 1995) ............................. 8, 10

Todd v. United States, 849 F.2d 365 (9th Cir. 1988) ..................... 15

United States v. Allibhai, 939 F.2d 244 (5th Cir.1991), cert. denied,
    502 U.S. 1072 (1992) ................................................... 14

United States v. Bisceglia, 420 U.S. 141 (1975) ......................... 20

United States v. Collins, 972 F.2d 1385 (5th Cir. 1992), cert denied,
    507 U.S. 1017 (1993) ................................................... 14

United States v. Fera, 616 F.2d 590 (1st Cir. 1980), cert. denied,
    446 U.S. 969 (1980) .................................................... 14

United States v. Muzychka, 725 F.2d 1061 (3d Cir. 1984), cert. denied,
    467 U.S. 1206 (1984) ................................................... 17

United States v. Pool, 660 F.2d 547 (5th Cir. 1981) ..................... 14

United States v. Powell, 379 U.S. 48 (1964) ............................. 20

United States v. Russell, 411 U.S. 423 (1973) ........................... 12

United States v. White, 401 U.S. 745 (1971) ............................. 12

Wages v. Internal Revenue Service, 915 F.2d 1230 (9th Cir. 1990),
    cert. denied, 498 U.S. 1096 (1991) ..................................... 19

Warren v. City of Lincoln, Neb., 864 F.2d 1436 (8th Cir.1989),
    cert. denied, 490 U.S. 1091 (1989) ..................................... 13

White v. Taylor, 959 F.2d 539 (5th Cir. 1992) ........................... 10

Yalkut v. Gemignani, 873 F.2d 31 (2nd Cir. 1989) ..................... 15-16

Statutes:

    26 U.S.C.:

        § 6211 .............................................................. 21

        § 6212 .............................................................. 21

        § 6213 .............................................................. 21

        § 7422 .............................................................. 21

        § 7431 .............................................................. 20

        § 7432 .............................................................. 20

        § 7433 .............................................................. 20

CVâ€¢PDF - www.fesite.com

28 U.S.C.:

§ 2680(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
§ 2680(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

United States Constitution, Amendment IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
United States Constitution, Amendment V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
United States Constitution, Amendment IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Miscellaneous:

Fed. R. Civ. P. :

12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

————————————

| | |
|---|---|
| FERNANDO CANSECO and RELIABLE AMBULANCE SERVICES, INC., | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. C-00-104 |
| | ) |
| UNITED STATES OF AMERICA, CARL NEIRA, Internal Revenue Service Agent, LUIS GUERRA, Internal Revenue Service Agent, ROBERT L. DAVILA, Criminal Investigation Division Officer, and VICTOR G. GUEVARA, Criminal Investigation Officer, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

————————————

**INDIVIDUAL DEFENDANTS' BRIEF IN
SUPPORT OF THEIR MOTION TO DISMISS, OR IN
THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

————————————

Defendants Carl Neira, Luis Guerra, Carl Neira, Robert L. Davila and Victor G. Guevara

(hereinafter collectively referred to as the "Individual Defendants") in their individual capacities,

have moved to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b) or, alternatively,

for summary judgment in their favor pursuant to Fed. R. Civ. P. 56. This brief is submitted in

support of the motion.

# I.

## ISSUES PRESENTED

1.      Whether Plaintiffs' allegations against the Individual Defendants should be dismissed for failure to state a violation of a Fourth, Fifth or Sixth Amendment right?

2.      Alternatively, to the extent  Plaintiffs' allegations state a violation of a Fourth, Fifth or  Sixth Amendment right, whether the alleged violation is compensable under the doctrine of Bivens.[1]

3,      Alternatively, to the extent Plaintiffs' allegations state a violation of a Fourth, Fifth or Sixth Amendment right, whether the constitutional right stated, was so clearly established at the time it is alleged to have been violated, that a reasonable person would have known that they were violating that right?  In other words, whether the Individual Defendants are entitled to qualified immunity?

4.      Alternatively, to the extent Plaintiffs have met the pleading requirement of a constitutional tort  (Bivens) suit against the Individual Defendants, whether the Individual Defendants are entitled to summary judgment?

# II.

## PRELIMINARY STATEMENT

Plaintiffs Fernando Canseco (hereinafter "Canseco") and Reliable Ambulance Services, Inc. (hereinafter "Reliable") are suing the Individual Defendants, in their individual capacities,

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

N:\USERS\cvance\cansecobivens\brief4individuals.wpd          2

pursuant to <u>Bivens</u>.  Plaintiffs claim that the Individual Defendants  violated their Fourth, Fifth and Sixth Amendment Rights.

The gravamen of Plaintiffs' Complaint seems to be an underlying allegation that the Internal Revenue Service is improperly undertaking a criminal tax investigation of the Plaintiffs under the disguise of a civil audit.  Plaintiffs' Complaint either fails to stated a <u>Bivens</u> action or fails to allege the specific facts necessary to meet the heighten pleading requirements of such actions.  Plaintiffs claim that the Individual Defendants violated their Fourth, Fifth and Sixth Amendment rights.  This Brief discusses <u>Bivens</u> actions in general in Section III.  It next discusses qualified immunity to such actions in Section IV.  Section III and IV  together show that the Plaintiffs must meet  heightened pleading requirements for such actions and must specifically allege what each Individual Defendant allegedly did to violate a constitutional right.

Sections V, VI and VII discuss the allegations in the Complaint regarding the Fourth, Fifth and Sixth Amendments.

Section VIII discusses that no <u>Bivens</u> action exists based on an audit of Plaintiffs' tax returns, whether or not a constitutional right was violated.  The Fifth Circuit and other courts have recognized that Congress has created a system of remedies to resolve such grievances and a <u>Bivens</u> action will not be available.

Section IX discusses summary judgment.

## III.

## <u>OVERVIEW OF CONSTITUTIONAL TORTS UNDER *BIVENS*</u>

Plaintiffs' Complaint alleges that they are entitled to recover from the Individual Defendants for a constitutional tort claim under <u>Bivens v. Six Unknown Named Agents of</u>

Federal Bureau , 403 U.S. 388 (1971). It is clear, however, that the Complaint fails to state a constitutional violation and therefore must be dismissed.

Essential to the ultimate success of a Bivens claim is the demonstrated deprivation of a right or an interest that is protected by the United States Constitution. A Bivens plaintiff must establish facts that show a compensable injury-in-fact to the constitutional right or interest asserted. See Garcia v. United States, 666 F.2d 960, 962 (5th Cir. 1982), cert. denied, 459 U.S. 832 (1982), citing Davis v. Passman, 442 U.S. 228, 248 (1979) (the plaintiff "must first demonstrate that his constitutional rights have been violated").

The Supreme Court has set forth the proper analytical approach to use in evaluating a Bivens claim, holding that the threshold determination is the "purely legal question" of "whether the plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, 500 U.S. 226, 232 (1991). In Siegert, the Supreme Court opined that courts should expeditiously weed out suits in which the plaintiff has not even alleged facts that state a claim for denial of a constitutional right. Id., 500 U.S. at 232.

Siegert reflects the Supreme Court's concern that insubstantial Bivens actions disrupt the effective functioning of the government. In Butz v. Economou, 438 U.S. 478, 507-08 (1978), the Supreme Court noted that "insubstantial lawsuits can be quickly terminated by federal courts alert to the possibilities of artful pleading," and that "firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits." In Harlow v. Fitzgerald, 457 U.S. 800, 819-20 n.35 (1982), the Supreme Court reiterated the admonition that "insubstantial lawsuits undermine the effectiveness of government as

N:\USERS\cvance\cansecobivens\brief4individuals.wpd          4

contemplated by our constitutional structure," and "firm application of the Federal Rules of Civil Procedure is fully warranted in such cases."

The Plaintiffs' Complaint is precisely the sort of unsubstantiated lawsuit that should be expeditiously weeded out. The Plaintiffs have failed to allege facts that state a claim against these Individual Defendants for violation of a constitutional right. Plaintiffs' Complaint contains only broad, conclusory, and unsubstantiated allegations, or allegations which do not state a violation of Plaintiffs' constitutional rights for which a <u>Bivens</u> action exists. Indeed, the Complaint's speculative allegations do not even support the conclusion that Defendants Carl Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara actually engaged in any acts or omissions that were negligent or harmful to Plaintiffs in any way, much less, that they deprived Plaintiffs of any constitutional rights.

It is fundamental that in order for a federal official to be properly sued individually for actions taken by him in an individual capacity, the complaint must allege a specific constitutional deprivation of plaintiff's rights by that specific defendant supplemented with specific factual allegations. Failure to allege a specific, factually detailed constitutional violation deprives the Court of subject matter jurisdiction over a claim as to any individual liability for actions taken in an official capacity. Plaintiffs' Complaint against the Individual Defendants fails this threshold test, and therefore it must be dismissed. <u>See</u> <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980); <u>Baker v. McCollan</u>, 443 U.S. 137, 140 (1979); and <u>Davis v. Passman</u>, 442 U.S. 228, 239 (1979).

## IV.

### THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFFS' CLAIMS, BECAUSE THEIR CONDUCT DID NOT VIOLATE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN

Additionally, this action against the Individual Defendants must be dismissed with prejudice, or else summary judgment should be granted, because Carl Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara, are entitled to qualified immunity.

Federal officials enjoy qualified immunity from constitutional and statutory claims. Cleavinger v. Saxner, 474 U.S. 193, 206 (1985); Procunier v. Navarette, 434 U.S. 555, 561 (1978). The framework for application of qualified immunity to such claims is set out in Harlow v. Fitzgerald, 457 U.S. 800 (1982). In that case, the Supreme Court confirmed that government officials are shielded from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id, 457 U.S. at 818. Moreover, pursuant to Harlow this determination requires an objective, not subjective, analysis. The Supreme Court has held that "[u]nless the plaintiffs' allegations state a claim or violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The protection afforded by qualified immunity is not merely immunity from payment of civil damages for actions taken in good faith performance of official duties, but also freedom from the burden of standing trial or even unnecessary discovery. Lynch v. Cannatella, 810 F.2d 1363 (5th Cir. 1987). Consequently, there is a "heightened pleading requirement" necessary to

sustain constitutional claims against federal officials.  <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir.

1995) (en banc).  The Constitution is not implicated unless the action complained of goes beyond

mere error to an intentional or reckless disregard of the rights of the person against whom the

action is taken.  Allegations of malice or other unworthy purpose, without any supporting

evidence, are insufficient to subject a government official to liability for damages or to the

burdens of discovery.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 817-818 (1982).  Indeed, the Supreme

Court recently reaffirmed <u>Harlow's</u> holding stating, "[i]t is obvious, of course, that bare

allegations of malice would not suffice to establish a constitutional claim."  <u>Crawford-El v.

Britton</u>, 523 U.S. 574, 118 S.Ct. 1584, 1592 (1998).

The standard for evaluating a qualified immunity claim requires a two-part inquiry.  The

threshold issue is whether the plaintiff has stated a violation of a clearly established

constitutional right.  If it is demonstrated that the law governing the plaintiff's rights was clearly

established at the time in question, then the second issue is considered.  The second issue

involves consideration of the objective legal reasonableness of the defendant's conduct in the

light of settled law and the facts and circumstances within the knowledge of the defendant.

<u>Morin v. Caire</u>, 77 F.3d 116, 120 (5th Cir. 1996).  The trial court must determine whether the

defendant's conduct, under the circumstances, constituted actions that a reasonable person could

have believed lawful.  <u>Hunter v. Bryant</u>, 502 U.S. 224 (1991).

Under the teachings of <u>Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995), and the post-

<u>Schultea</u> decisions from the Fifth Circuit, the Plaintiffs are required to reply with specificity to

the properly raised defense of qualified immunity, which the Individual Defendants herein have

asserted.  See Morin v. Caire, 77 F.3d 116 (5th Cir. 1996); Baker v. Putnal, 75 F.3d 190 (5th Cir.

1996); and Todd v. Hawk, 72 F.3d 443 (5th Cir. 1995).

Plaintiffs' existing Complaint does not meet the heightened pleading requirements when

a party is claiming qualified immunity.  The Complaint consists of vague, conclusory and

speculative allegations without the support of specific substantive allegations of fact.  Those

allegations which seek to hold the Individual Defendants personally liable for damages, simply

do not state a constitutional violation.  The Plaintiffs have utterly failed to identify the specific

actions taken by any of these Individual Defendants that deprived them of their constitutional

rights.  As the Fifth Circuit noted in Baker, "[T]his standard requires more than conclusory

allegations.  It requires claims of specific conduct and actions giving rise to a constitutional

violation." Baker, 75 F.3d at 195.

The speculative, conclusory nature of the Plaintiffs' allegations is apparent on the face of

their Compliant.  Plaintiffs continually accuse "The Agents" in their Complaint without

specifying in many cases which Defendant allegedly did what to which Plaintiff.  For example, in

paragraph 23 of the Complaint, Plaintiffs allege "[t]hese Defendant Agents have acted contrary to

the IRS' internal policies, federal law and the United States Constitution, and engaged in

harassment of the taxpayer." Plaintiffs fail to state which Defendants performed which actions in

violation of their rights.

The Plaintiffs allege that defendants Neira and Guerra engaged in an illegal search of the

corporate records of Reliable in violation of the Plaintiff's (no mention as to which Plaintiff)

Fourth Amendment rights.  Yet, the Complaint never once cites an instance where Carl Neira

actually looked at any records of either Plaintiff.  Additionally, the Complaint alleges that

"Guerra did not review the information but merely indicated it was sufficient....After Agent Guerra completed his cursory review...." It is illogical how Plaintiffs can complain that Guerra failed to throughly review the Plaintiffs' records and at the same time allege that an illegal search took place. Not a single instance is cited where either Neira or Guerra seized any of either Plaintiffs' records.

In Paragraph 12, the Plaintiffs allege that "...the IRS and CID Agents retaliated by threatening taxpayer's accountant, Mr. Vince Sepulveda, CPA, who held an IRS Power of Attorney for both Reliable and Mr. Canseco. Mr. Sepulveda was the subject of an interrogation by two CID Agents and the FBI." In this Paragraph it is never stated which agents performed which actions. The Plaintiffs allege in Paragraph 22 that "[t]he attempt to intimidate Mr. Sepulveda, representative for taxpayer, by threatening his license, was committed in violation of the rights of the taxpayer, and infringed upon his right to due process in violation of the Fifth Amendment of the United States Constitution." The Plaintiffs do not state which Plaintiff "the taxpayer" is, which agent performed these acts, nor do their allegations state an activity that resulted in a violation of a constitutional right. Mr. Sepulveda was not held at any meeting against his will; he was free to leave at all times. (See Declarations of Davila and Guevara attached as Exhibits 3 and 4.)

It is respectfully submitted that Plaintiffs' case against the Individual Defendants sued in their individual capacities must be dismissed because of the utter lack of specificity of Plaintiffs' Complaint, and the complete failure to identify any constitutional violation under the heightened pleading standards. As was demonstrated above, the Plaintiffs have utterly failed to allege a constitutional violation at all, much less one that a reasonable person could ever be aware of.

Plaintiffs simply cannot overcome the Individual Defendants' proper defense of qualified immunity, and Plaintiffs' Complaint against the federal officials in their individual capacities must, as a matter of law, be dismissed.

Additionally, whether the conduct of which the Plaintiffs complain so clearly violated established law is essentially a legal question. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Johnston v. City of Houston, 14 F.3d 1056, 1059 (5th Cir. 1994); White v. Taylor 959 F.2d. 539, 544 (5th Cir. 1992). Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness" of the action assessed in light of the legal rules that were "clearly established" at the time it was taken. Duckett v. City of Cedar Park, Texas, 950 F.2d 272, 279-80 (5th Cir. 1992); Texas Faculty Ass'n v. University of Texas at Dallas, 946 F.2d 379, 389 (5th Cir. 1991). For the legal rules to be considered "clearly established," the contours of the right alleged to have been violated "must be sufficiently clear that a reasonable official would understand that what he was doing violates the right;" that, "in the light of preexisting law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Salas v. Carpenter, 980 F.2d 299, 310 (5th Cir. 1992); White, 959 F.2d at 544 (5th Cir. 1992).

A party seeking damages from an official asserting qualified immunity bears the burden of overcoming that defense. See Foster v. City of Lake Jackson 28 F.3d 425, 428 (5th Cir. 1994); Salas, 980 F.2d 299, 304 (5th Cir. 1992). Once a government official or employee has asserted qualified immunity and established that the allegedly wrongful acts were undertaken within the scope of his authority, the burden shifts to the party seeking damages to show that qualified immunity does not bar recover. See Todd v. Hawk 72 F.3d 443, 446 (5th Cir. 1995);

Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995).  It is not enough to carry this burden by showing that some other government employee would have acted differently.  Instead, there must be a showing that what was done in some way violated the Constitution.

Plaintiffs must amend their Complaint and allege facts which indicate that each Individual Defendant violated any of Plaintiffs' clearly established constitutional rights, of which a reasonable person had notice.  If Plaintiffs' amended complaint fails to meet the heightened pleading requirements of a Bivens action in which the Individual Defendants are claiming qualified immunity, the amended complaint must be dismissed.

## V.

## FOURTH AMENDMENT ALLEGATIONS

The Plaintiffs' Complaint makes bald, conclusory allegation that their Fourth Amendment due process rights were somehow violated by the IRS examination of their records.  The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures."[2]  However, the Complaint is devoid of any reference to any search or seizure at all, much less a constitutionally invalid search or seizure.

---

[2]  The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized.

United States Constitution Amendment IV.

The Plaintiffs have unquestionably failed to establish the existence of a search or seizure at all, much less an unconstitutional search or seizure that could possibly give rise to a Constitutional tort claim. It has long been settled that the Fourth Amendment is simply not implicated where an "agent" is in a place of business with the business owner's consent and there was no claim of surreptitious "seizing" without the business owner's knowledge. Lopez v. United States, 373 U.S. 427, 438 (1963).

Thus, Plaintiffs have failed to state a claim of constitutional dimension that could give rise to a Bivens action against these federal officers in their individual capacities. Plaintiffs have alleged no search, no seizure, and no conduct whatsoever that could be viewed as "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973). Plaintiffs simply do not possess a clearly established constitutional right to be free of the actions they speculate that the Individual Defendants undertook. Where a radio transmitter was concealed on an informant, with knowledge of the informant, and where conversations between the informant and the defendant at various locations, including defendant's home, were overheard when monitored, without warrant, by government agents, who testified as to the conversations at defendant's trial, there was not a violation of the defendant's Fourth Amendment right to be secure against unreasonable searches and seizures. United States v. White, 401 U.S. 745 (1971). In short, Plaintiffs' case against Carl Neira, Luis Guerra, Robert L. Davila, and Victor G. Guevara, in their individual capacities, must be dismissed because Plaintiffs have failed to state a legally cognizable constitutional claim as to individual liability for any actions they speculate might have been taken by the Individual Defendants.

## VI.

## FIFTH AMENDMENT ALLEGATIONS

The "right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), is merely a procedural safeguard, and not a substantive right."[3] <u>Guiffre v. Bissell</u>, 31 F.3d 1241, 1256 (3d Cir.1994) (emphasis added) (citations omitted). <u>See also</u> <u>Warren v. City of Lincoln, Neb.</u>, 864 F.2d 1436, 1442 (8th Cir.1989) (remedy for a <u>Miranda</u> violation is the exclusion from evidence of any compelled self-incrimination, not a § 1983 action) (emphasis added), <u>cert. denied</u>, 490 U.S. 1091 (1989). The Plaintiffs allege that their Fifth Amendment rights to due process were violated by an attempt to entrap them. There is no Fifth Amendment right to be free from entrapment.

Even if Canseco has been the subject of a "sting" operation like he alleges; there simply is no constitutional "right" to be free of entrapment. Indeed, Plaintiffs concede in the Complaint that, as a matter of law, there was no entrapment, because Canseco did not attempt to bribe Revenue Agent Guerra.

There can be no serious dispute that the government may use undercover agents to enforce the law. "It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the

---

[3] "No person shall be ... compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law" United States Constitution Amendment V.

N:\USERS\cvance\cansecobivens\brief4individuals.wpd          13

prosecution.  Artifice and stratagem may be employed to catch those engaged in criminal enterprises." Sorrells v. United States, 287 U.S. 435, 441 (1932).

The Fifth Circuit has consistently recognized that a broad-spectrum of behavior is appropriate in the context of an undercover operation.  "It is proper for a government agent to pretend to be someone else and to offer either directly or through an informer or other decoy to engage in an unlawful transaction." United States v. Pool, 660 F.2d 547, 557 (5th Cir. 1981). See also United States v. Fera, 616 F.2d 590, 596 (1st Cir. 1980), cert. denied, 446 U.S. 969, (1980) (it is "sometimes necessary and permissible for the Government to use stratagems, artifices, ruses, and undercover agents or investigators who may use assumed names and conceal their true identity").

Entrapment can, of course, be a valid defense to criminal conviction, but that defense is not constitutionally-based, and there simply is no constitutional "right" to be free from entrapment, from attempted entrapment, or even from being "targeted" in a sting operation. United States v. Collins, 972 F.2d 1385, 1395 (5th Cir. 1992), cert denied, 507 U.S. 1017 (1993); United States v. Allibhai, 939 F.2d 244 (5th Cir.1991), cert. denied, 502 U.S. 1072 (1992). Indeed, the Fifth Circuit in Allibhai expressly rejected the notion that there is some sort of constitutional "right" to be free of investigation or any sort of constitutional "right to be let alone." Id., 939 F.2d at 248-249.  In Collins, the Fifth Circuit confirmed its rejection in Allibhai of the proposition that the government must have some reasonable suspicion that an individual is involved in some illegalities before targeting him in a sting operation.  The Collins court expressly declined to carve out an exception to the general rule that there is no "right to be left alone," even for federal judges. Id., 972 F.2d at 1396.

Additionally, the Plaintiffs allege that their Fifth Amendment due process rights were violated by the review of Reliable's corporate records during audit, and by threats being made against Sepulveda. In particular, there are not sufficient factual or legal allegations explaining how the Plaintiffs' due process rights were violated when the Plaintiffs have been allowed all of the legal protections afforded to them in the Internal Revenue laws. All of these other legal avenues are designed to, and have afforded the Plaintiffs, with the due process they are entitled.

The actual existence of a pre-deprivation or post-deprivation remedy for the precise wrong alleged will, by itself, preclude any claim for a violation of due process under Bivens. Morales v. Haynes, 890 F.2d 708 (5th Cir. 1989) (improper levy does not create denial of due process where there avenues for post-collection review); Baddour, Inc. v. United States, 802 F.2d 801 (5th Cir. 1986) (IRS levy does not create a violation of Fourth or Fifth Amendment rights where opportunity for post-depravation review exists); Todd v. United States, 849 F. 2d 365 (9th Cir. 1988) (post-deprivation hearing satisfies demands of due process when revenue collection is at issue, and taxpayer has no loss of due process right to hearing prior to collection by IRS).[4] In

---

[4] For a long laundry list of post-deprivation remedies which eliminate due process denial claims with respect to actions of IRS employees see, Yalkut v. Gemignani, 873 F.2d 31 (2nd Cir. 1989), and Nelson v. Silverman, 888 F. Supp. 1041 (S.D. Calif. 1995). In Yalkut, the Court stated:

> It is doubtful, however, that a taxpayer's right to due process could be violated by an IRS levy carried out in accordance with federal law and IRS policy. See Baddour, Inc. v. United States, 802 F.2d 801, 807 (5th Cir.1986) (levy pursuant to section 6331 does not violate due process); Jackman v. D'Agostino, 669 F.Supp. 43, 46-47 (D.Conn.1987) (no due process claim where there exists a statutory mechanism for refund of overpaid taxes); see also Cameron v. Internal Revenue Service, 773 F.2d 126, 128-29 (7th Cir.1985) ("heavy-handed, insensitive, and careless" actions of IRS

this case the IRS was investigating Reliable's tax liability. If the IRS improperly had denied

Reliable any due process in its determination of Reliable's tax liability, Reliable could go to

Tax Court or District Court. Reliable has sufficient due process remedies in this post IRS

determination reviews.

---

> agents do not give rise to damage remedy); <u>Flank v. Sellers</u>, 661
> F. Supp. 952, 954-55 (S.D. N.Y.1987) (no Bivens action lies based
> on allegation IRS auditor made mistake of law). These cases are
> sufficient to establish, at the very least, that defendants' actions
> violated no right to due process that is clearly established.

<u>Yalkut</u>, at 35-36.

In <u>Nelson</u>, the Court stated:

> The law provides, however: (1) due process is not violated simply
> because the Government agent failed to comply with the statute;
> (2) due process is not violated by Government's agent's failure to
> follow the procedures required by the Internal Revenue Code, the
> Treasury Regulations, or the Internal Revenue Manual; (3) due
> process is not violated because an IRS officer fails to cease
> collection activity and investigate a taxpayer's story that she does
> not owe the tax being collected; (4) IRS levies do not violate due
> process and have said so even if they were wrongfully done; (5)
> due process is not violated by simple negligence or mere lack of
> accuracy of Government agent; and finally, (6) the due process
> clause is not violated by rude, obstinate or discourteous behavior
> by an IRS agent collecting taxes. I do not mean to accept that
> anything Mr. Silverman did was appropriate, polite, or perhaps the
> best "bedside manner." But whether or not his behavior is
> actionable is what this Court is charged with finding.

> Not finding a constitutional right to freedom from abusive tax collection practices
> under the substantive due process clause of the Fifth Amendment, obviously, as a
> matter of law, the Defendant is entitled to judgment here and that is the Court's
> finding.

<u>Nelson</u>, at 1048.

# VII.

## SIXTH AMENDMENT ALLEGATIONS

The Sixth Amendment protects a person's right to counsel in all criminal proceedings.[5] It attaches "at or after the initiation of adversary criminal judicial proceedings--whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." United States v. Muzychka, 725 F.2d 1061, 1068 (3d Cir. 1984), cert. denied, 467 U.S. 1206 (1984). See also Michigan v. Jackson, 475 U.S. 625, 629 (1986); and Brewer v. Williams, 430 U.S. 387, 398 (1977). In this case, no adversarial criminal proceedings were ever commenced. Plaintiffs' Sixth Amendment Rights were never violated. Furthermore, the only specific allegation made concerning counsel was the allegation that on May 20, 1998, "They"[6] indicated [to Sepulveda] that there had been an ongoing investigation of Canseco and that no attorney "would ever be able to get their investigative reports" or determine when their investigation began, and that Tony Canales was "evil." The Plaintiffs have failed to establish that there was a violation of their Sixth Amendment Rights to counsel.

---

[5] The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have assistance of counsel for his defense.

[6] "They" refers to Individual Defendants, IRS Inspectors Davila and Guevara, and non-defendant FBI Special Agent Wallace. Plaintiffs do not specify who said what.

N:\USERS\cvance\cansecobivens\brief4individuals.wpd          17

## VIII.

## PLAINTIFFS HAVE STATED NO CLAIM FOR RELIEF
## BASED ON IRS AUDITS OF THEIR TAX RETURNS

One interpretation of Plaintiffs allegations is that the IRS is examining Reliable's tax return because Canseco has somehow annoyed the IRS by filing a claim for refund. This is farcical due to the close relationship between Canseco and Reliable, and the deduction for bad debt related to loans Canseco had made to Reliable, that Canseco claimed on his amended return. (See the Declarations of Neira and Guerra attached as Exhibits 1 and 2.) One could easily argue the IRS would have been derelict in its duty not to review Reliable's tax position.

Also, Plaintiffs' allegations are absurd because there is no constitutional right to be free from audit. Several courts have recognized, or at least intimated, the possibility of constitutional claims to redress retaliatory, harassing and otherwise inappropriate actions by the IRS. Laing v. United States, 423 U.S. 161, 209-10 n. 14, (1976) (Blackmun, J. dissenting along with Burger, C.J. and Rehnquist, J.) (citing Bivens and stating "abuse [in tax collection] is subject to rectification otherwise, and the Congress and the courts surely will not be unsympathetic."); National Commodity and Barter Ass'n v. Archer, 31 F.3d 1521, 1527 (10th Cir. 1994); National Commodity and Barter Ass'n, National Commodity Exchange v. Gibbs, 886 F.2d 1240, 1248 (10th Cir. 1989); Pleasant v. Lovell, 876 F.2d 787 (10th Cir. 1989); Rutherford v. United States, 702 F.2d 580 (5th Cir. 1983) (intimating Fifth Amendment Bivens action may be available against IRS agent).

While the courts may have intimated such a cause of action, none have been found. Although the Fifth Circuit in Rutherford, supra, surmised a Fifth Amendment claim might be

available to an aggrieved taxpayer, the Fifth Circuit later revisited <u>Rutherford</u> in <u>Morales v.</u>

<u>Haynes,</u> 890 F.2d 708, 710 (5th Cir. 1989) and stated as follows:

> [In <u>Rutherford,</u>] we remanded the case for a determination of
> whether the agent's particularly egregious and offensive conduct
> might have deprived the plaintiffs of a "liberty" interest and, if so,
> whether that interest, once identified, was so "clearly established"
> as to deprive the defendant of his qualified immunity. We did not
> hold that the alleged conduct violated a protected 'liberty' interest,
> and we certainly did not hold that the defendant lost his qualified
> immunity by violating a 'clearly established' constitutional right.

The Fifth Circuit, and numerous other courts, have found that in the area of federal tax

assessment, collection and investigation, Congress has created a system of other remedies for

taxpayers to resolve their grievances against the Internal Revenue Service and its employees.[7]

<u>Baddour, Inc. v. United States,</u> 802 F.2d 801 (5th Cir. 1986); <u>Mack v. Alexander,</u> 575 F.2d 488

(5th Cir. 1978); <u>Cameron v. Internal Revenue Service,</u> 773 F.2d 126, 129 (7th Cir. 1985); <u>Wages</u>

<u>v. Internal Revenue Service,</u> 915 F.2d 1230 (9th Cir. 1990), <u>cert. denied,</u> 498 U.S. 1096 (1991);

<u>National Commodity and Barter Ass'n, National Commodity Exchange v. Gibbs,</u> 886 F.2d 1240

(10th Cir. 1989), and <u>after remand,</u> 31 F.3d 1521 (10th Cir. 1994); <u>Rosado v. Curtis,</u> 885 F.

Supp. 1538 (M.D. Fla. 1995), <u>aff'd,</u> 84 F.3d 437 (11th Cir. 1996), <u>cert. denied,</u> 519 U.S. 1058

(1997); <u>Brown v. Johnson,</u> 889 F. Supp. 355 (W.D. Ark. 1995); <u>Hollett v. Browning,</u> 711 F.

---

[7] In this regard it should be noted that the Fifth Circuit's decision in <u>Rutherford v.</u>
<u>United States,</u> 702 F.2d 580 (5th Cir. 1983), allowing a <u>Bivens</u> claim was decided prior to the
enactment of Sections 7432 and 7433 of the Internal Revenue Code in 1988, as part of the
Taxpayer Bill of Rights, and therefore, is no longer applicable to the extent that it allowed a
<u>Bivens</u> action for areas in which Congress has now acted by creating a remedy.

Supp. 1009 (E.D. Calif. 1988); <u>Felak v. United States</u>, 677 F. Supp. 606 (D. Minn. 1988);

<u>Rodriguez v. United States</u>, 629 F. Supp. 333 (N.D. Ill. 1986).

The impropriety of creating a <u>Bivens</u> remedy in IRS cases is especially clear when one

considers that the IRS is duty bound to inquire after persons who may be liable for the payment

of taxes. <u>Donaldson v. United States</u>, 400 U.S. 517, 523 (1971). Of necessity the investigative

authority provided to the IRS by statute is not limited to situations in which there is probable

cause to believe that a violation of tax law exists. <u>United States v. Powell</u>, 379 U.S. 48 (1964).

In <u>United States v. Bisceglia</u>, 420 U.S. 141, 146 (1975), the Court found that the plaintiff's due

process rights were not violated by any of the actions of the defendants in attempting to examine

his tax return.

In this case, Congress has established an extensive system of remedies for alleged wrongs

by the IRS or its employees. That system includes: (1) Federal Tort Claims Act for intentional

torts by law enforcement officers which includes assault, false imprisonment, false arrest, abuse

of process, and malicious prosecution;[8] (2) an action under 26 U.S.C. § 7433 for intentional or

reckless disregard of Internal Revenue Laws or regulations; (3) an action under 26 U.S.C. § 7432

for failure to release a lien they contend was without basis; (4) an action under 26 U.S.C. § 7431

for alleged unauthorized disclosures of return and return information; (5) the grand jury process

---

[8] <u>Brown v. United States</u>, 653 F.2d 196 (5th Cir. 1981), <u>reh'g denied</u>, 659 F.2d 1075 (5th Cir. 1981), <u>cert. denied</u>, 456 U.S. 925 (1982); 28 U.S.C. § 2680(h). While actions under the FTCA are allowed with respect to alleged intentional torts by law enforcement agents under Section 2680(h), the same is not true for allegations of intentional tort arising from actions of IRS employees who are not law enforcement personnel. Actions against civil auditors and collection officers of the IRS are not allowed under the FTCA. 28 U.S.C. § 2680(c). <u>Capozzoli v. Tracey</u>, 663 F.2d 654 (5th Cir. 1981).

and the right to a jury trial on criminal charges; (6) the right to go to the United States Tax Court on any income tax examination changes without first paying the tax;[9] and (7) the right to pay the tax and file a claim for refund in a Federal District Court on all tax liabilities proposed by the IRS.[10]

Plaintiffs have not alleged a constitutional violation based on a tax audit of their income tax returns in this case, but even if they had, such a violation is clearly not established. The audit allegations should be either dismissed for failure to state a constitutional violation or the Defendants should be found to have qualified immunity.

## IX.

## THE INDIVIDUAL DEFENDANTS
## ARE ENTITLED TO SUMMARY JUDGMENT

Additionally, the Individual Defendants are entitled to summary judgment against the Plaintiffs. The summary judgment evidence clearly shows that Plaintiffs' Fourth, Fifth or Sixth Amendment Constitutional rights were not violated, or that the actions undertaken by the Individual Defendants did not violate any clearly established constitutional rights to which a reasonable Federal Defendant would have known.

The summary judgment evidence reflects that Revenue Agent Guerra was engaged in trying to determine first Canseco's and then Reliable's tax liabilities. Neira was Guerra's

---

[9] 26 U.S.C. § 6211-6213.

[10] 26 U.S.C. § 7422.

N:\USERS\cvance\cansecobivens\brief4individuals.wpd     21

manager. (See the Declarations of Neira and Guerra attached as Exhibits 1 and 2.[11]) They

clearly did not violate the Constitution in examining Plaintiffs' tax liabilities. They certainly did

not violate a clearly established Fourth, Fifth or Sixth Amendment right.

The summary judgment evidence also clearly shows that Revenue Agent Guerra received

what he thought could be interpreted as a bribe offer by Canseco to return a favorable

examination of Reliable's tax liability. (See the Declarations of Neira and Guerra attached as

Exhibits 1 and 2.) Guerra reported this bribe overture to IRS Inspection. He then assisted IRS

Inspection in investigating the possibility of a bribe, by consenting to the monitoring of his future

conversations with Canseco. (See the Declarations of Neira, Guerra, Davila and Guevara

attached as Exhibits 1, 2, 3 and 4.) Guerra had several monitored conversations and that was the

end of his involvement in the case. (See the Declarations of Guerra, Davila and Guevara

attached as Exhibits 2, 3 and 4.) Guerra has not violated the Constitution in reporting the

possible bribe overture or cooperating with authorities investigating it.

The summary judgment evidence clearly shows that Inspectors Davila and Guevara only

became involved after Guerra reported the potential bribe overture by Canseco. (See the

Declarations of Neira, Guerra, Davila and Guevara attached as Exhibits 1, 2, 3 and 4.) Contrary

to the allegations in the Complaint, there was no secret criminal tax investigation. (See the

Declarations of Neira, Guerra, Davila and Guevara attached as Exhibits 1, 2, 3 and 4.)

Inspectors Davila and Guevara did have Revenue Agent Guerra call Canseco and try and arrange

a meeting without Canseco's accountant being present. This was in furtherance of the

---

[11] Copies of the Declarations of Carl Neira, Luis Guerra, Robert L. Davila and Victor G.
Guevara are attached hereto as Exhibits 1, 2, 3 and 4, and incorporated herein for all purposes.

investigation of whether or not Canseco was attempting to bribe Guerra. (See the Declarations of Guerra, Davila and Guevara attached as Exhibits 2, 3 and 4.) Canseco never requested to have his accountant or lawyer present at any meeting. Nor, did any meeting ever occur. (See the Declarations of Guerra, Davila and Guevara attached as Exhibits 2, 3 and 4.)

Later, Inspectors Davila and Guevara did meet with Canseco's accountant Sepulveda. (See the Declarations of Davila and Guevara attached as Exhibits 3 and 4.) They did question him about Canseco's initial conversations with Guerra (Sepulveda had been present at the initial conversation). Sepulveda admitted that it sounded bad, but asserted that it was not intended as a bribe overture. (See Exhibit F2 to the Declaration of Guevara which is attached as Exhibit 4.) Sepulveda was never arrested, locked in a room or threatened to be put in custody at that meeting. Davila and Guevara never told Sepulveda he was going to lose his CPA license unless he cooperated in finding wrong doing by Canseco. Nor did they tell Sepulveda that there was an ongoing investigation of Canseco (other than the bribe investigation) or that "no attorney would ever be able to get their investigation reports" or "determine when the investigation began." Also, they never said that Tony Canales was evil. (See the Declarations of Davila and Guevara attached as Exhibits 3 and 4.)

All of the actions taken by the Individual Defendants were taken in the scope of their employment; did not violate any rights of the Plaintiffs; were objectively reasonably; were taken in good faith; and the Individual Defendants had no reason to know that their actions would violate any of the Plaintiffs' constitutional rights. (See the Declarations of Neira, Guerra, Davila and Guevara attached as Exhibits 1, 2, 3 and 4 to the Individual Defendants' supporting brief.)

The summary judgment evidence clearly shows that neither Plaintiffs' Fourth, Fifth or Sixth

Amendment Constitutional rights were violated or alternatively, that the Individual Defendants

are entitled to qualified immunity.   Summary judgment should be entered in favor of the

Individual Defendants and against Plaintiffs.

## X.

## <u>CONCLUSION</u>

The Complaint  fails  to meet the specific heightened pleading requirements of a Bivens

action in which the Individual Defendants are claiming qualified immunity.  The Complaint fails

to set out a violation of either Plaintiffs' Fourth, Fifth or Sixth Amendment rights for which relief

may be granted.  The Plaintiffs should be ordered to amend their Complaint to meet the

heightened pleading requirements.  If the Plaintiffs fail to amend the Complaint to set out in

required specificity the alleged violations of their Fourth, Fifth or Sixth Amendment rights, it

should be dismissed.  Alternatively, summary judgment evidence shows that none of the

Individual Defendants violated either Plaintiffs' clearly established Fourth, Fifth or Sixth

Amendment rights which the Individual Defendants should have reasonably known.

In short, Plaintiffs' case must be dismissed in its entirety, with prejudice, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Alternatively, summary judgment should be entered against Plaintiffs in favor of the Individual Defendants.

Respectfully submitted,

PAULA M. JUNGHANS
Acting Assistant Attorney General

JOSEPH A. PITZINGER, III
State Bar No. 16055800
CYNTHIA A. VANCE
State Bar No. 00791843
Attorneys, Tax Division
Department of Justice
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9721; 9728; 9762

MERVYN M. MOSBACKER
United States Attorney
May 2000