IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FERNANDO CANSECO and | ) | |
| RELIABLE AMBULANCE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. C-00-104 |
| | ) | |
| UNITED STATES OF AMERICA, CARL | ) | |
| NEIRA, Internal Revenue Service | ) | |
| Agent, LUIS GUERRA, Internal | ) | |
| Revenue Service Agent, ROBERT L. | ) | |
| DAVILA, Criminal Investigation | ) | |
| Division Officer, and VICTOR G. | ) | |
| GUEVARA, Criminal Investigation | ) | |
| Officer, | ) | |
| | ) | |
| Defendants. | ) | |

United States District Court
Southern District of Texas
FILED

MAY 3 0 2000

MICHAEL N. MILBY CLERK

### UNITED STATES' MOTION TO DISMISS COMPLAINT AGAINST THE UNITED STATES AND ITS EMPLOYEES SUED IN THEIR OFFICIAL CAPACITY

The Plaintiffs have brought this action against the United States and four of its

employees, Carl Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara, in both their

official and individual capacities. The United States, and the four employees being sued in their

official capacities,[1] move to dismiss or in the alternative, for summary judgment. In support they

show the following:

---

[1]     The four employees, being sued in their individual capacities, have filed a separate
motion to dismiss or for summary judgment.

27.

The United States is entitled to sovereign immunity, unless it has explicitly been waived. Employees of the United States being sued in their official capacity, have the same sovereign immunity as the United States.  The United States, Carl Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara, being sued in their official capacities, are entitled sovereign immunity.

The United States has not waived sovereign immunity for constitutional torts.  The United States has not waived sovereign immunity for Plaintiffs' allegations brought under the Fourth, Fifth or Sixth Amendments.

The United States has waived sovereign immunity under 26 U.S.C. § 7433 for economic damages suffered due to the reckless or intentional disregard of the provisions of (or regulations promulgated under) Title 26 in connection with the collection of taxes.  Revenue Agent Guerra and his manager, Revenue Agent Neira, were involved in determining the amount of Plaintiffs' taxes, not their collection.  Inspectors Davila and Guevara were involved in attempting to determine if Plaintiff, Fernando Canseco, was trying to bribe Revenue Agent Guerra.  The United States has not waived sovereign immunity under 26 U.S.C. § 7433 for acts committed in determining Plaintiffs' tax liabilities or Canseco's criminal liability.

In addition to requiring that an action under § 7433 be in connection with the collection of taxes the action must be in violation of a statute or regulation under Title 26.  Plaintiffs have alleged only two statutes - Section 6304 and Section 7521, were violated.

Section 6304 was added to Title 26 by P.L. 105-455 § 1905(a)(20) with an effective date of July 22, 1998. The actions Plaintiffs complain of occurred prior to July 22, 1998, before the statute went into effect. Furthermore Section 6304 only applies to the collection of tax liabilities and as pointed out earlier, none of the actions complained of occurred during collection. Plaintiffs have not stated a violation under 26 U.S.C. § 6304 to which 26 U.S.C. § 7433 applies.

Section 7521 of Title 26 contains procedures to be followed when conducting taxpayer interviews during the determination or collection of any taxes. It provides that an interview with a taxpayer will be suspended if a taxpayer asks to speak to an attorney. It specifically does not apply to investigations relating to the integrity of any officer or employee of the Internal Revenue Service. See Section 7521(d). Plaintiffs allegation and the evidence shows that during an investigation of whether or not Canseco was attempting to bribe Mr. Guerra, Mr. Guerra suggested the two meet without Canseco's attorney. Plaintiffs make no representation they asked for an attorney during an interview. Furthermore, nor have Plaintiffs plead or shown that the conversation complained of did not occur during an investigation of the integrity of an employee or officer of the Internal Revenue Service. Thus, Plaintiffs have not stated a violation under 26 U.S.C. § 7521 to which 26 U.S.C. § 7433 applies.

A brief in support of this Motion is being filed herewith and is incorporated herein for all purposes.

N:\USERS\cvance\cansecobivens\USbriefmtn2dis._mtn.wpd    3

The Declarations of Carl Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara, are attached to the brief and incorporated herein for all purposes.

The United States, and its employees, in their official capacities should have all causes of action brought against them dismissed, or in the alternative, they should be granted summary judgment.

MERVYN M. MOSBACKER
United States Attorney

JOSEPH A. PITZINGER, III
Texas Bar No. 16055800
CYNTHIA A. VANCE
State Bar No. 00791843
Attorneys, Tax Division
Department of Justice
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9728 or 9762
(214) 880-9742 (FAX)

ATTORNEYS FOR THE UNITED STATES

N:\USERS\cvance\cansecobivens\USbriefmtn2dis._mtn.wpd   4

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Motion to Dismiss Complaint Against the United States and its Employees Sued in Their Official Capacity has been made on May 26, 2000 by mailing a copy thereof to:

Jo Ellen Hewins
CANALES & SIMONSON, P.C.
2601 Morgan Avenue
Corpus Christi, Texas 78405

JOSEPH A. PITZINGER, III

ClibPDF - www.fastio.com