IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**MAY 3 0 2000**

MICHAEL N. MILBY CLERK

| | |
|---|---|
| FERNANDO CANSECO and | ) |
| RELIABLE AMBULANCE SERVICES, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. C-00-104 |
| UNITED STATES OF AMERICA, CARL | ) |
| NEIRA, Internal Revenue Service | ) |
| Agent, LUIS GUERRA, Internal | ) |
| Revenue Service Agent, ROBERT L. | ) |
| DAVILA, Criminal Investigation | ) |
| Division Officer, and VICTOR G. | ) |
| GUEVARA, Criminal Investigation | ) |
| Officer, | ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF THE UNITED STATES' MOTION
## TO DISMISS COMPLAINT AGAINST THE UNITED STATES
## AND ITS EMPLOYEES SUED IN THEIR OFFICIAL CAPACITY

Respectfully submitted,

PAULA M. JUNGHANS
Acting Assistant Attorney General

JOSEPH A. PITZINGER, III
State Bar No. 16055800
CYNTHIA A. VANCE
State Bar No. 00791843
Attorneys, Tax Division
Department of Justice
Maxus Energy Tower
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9721; 9728; 9762

MERVYN M. MOSBACKER
United States Attorney

May 2000

# INDEX

I.  STATUTES INVOLVED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  OVERVIEW  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.  FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.  THE DOCTRINE OF SOVEREIGN IMMUNITY BARS ALL OF
PLAINTIFFS' ACTIONS AGAINST THE UNITED STATES, AND
ITS AGENTS BEING SUED IN THEIR OFFICIAL CAPACITIES  . . . . . . . . . . . . . . . 8

VI.  PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION
AGAINST THE UNITED STATES FOR CONSTITUTIONAL TORT  . . . . . . . . . . . . 9

VII.  PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION
UNDER 26 U.S.C. § 7433 FOR WHICH RELIEF MAY BE GRANTED . . . . . . . . . . 10

VIII.  SPECIFIC VIOLATIONS OF STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

26 U.S.C. § 6304(a)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

26 U.S.C. § 7521 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26 U.S.C. § 7433 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IX.  SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## CITATIONS

Cases:

Abate v. Southern Pacific Transportation Co., 993 F.2d 107 (5th Cir. 1993)  . . . . . . . . 9
Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
    403 U.S. 388 (1971)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Bruno v. United States, 547 F.2d 71 (8th Cir. 1976)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Campbell, et al v. United States, 68 A.F.T.R.2d (RIA) 91-5386 (N.D. Ill. 1991)  . . . . . 11
Carelli v. Internal Revenue Service, 668 F.2d 902 (6th Cir. 1982)  . . . . . . . . . . . . . . . . 8
Demery v. Kupperman, 735 F.2d 1139 (9th Cir. 1984), cert denied,
    469 U.S. 1127 (1985)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

i

Ecclesiastical Order of the Ism of America Inc. v. Chasin, 845 F.2d 113
  (6th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
F.D.I.C. v. Meyer, 510 U.S. 471 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Garcia v. United States, 666 F.2d 960 (5th Cir. 1982), cert. denied,
  459 U.S. 832 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Gonsalves v. Internal Revenue Service, 975 F.2d 13 (1st Cir. 1992) . . . . . . . . . . . . . . 11
Harvey Construction Company v. Robertson-CECO Corp., 10 F.3d 300
  (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Hawaii v. Gordon, 373 U.S. 57 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Hutchinson v. United States, 677 F.2d 1322 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . 8
Inman v. Commissioner, 75 A.F.T.R.2d (RIA) 95-1821 (E.D. Cal. 1995) . . . . . . . . . . . 11
Land v. Dollar, 330 U.S. 731 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Lehman v. Nakshian, 453 U.S. 156 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Spalding v. Vilas, 161 U.S. 483 (1896) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Swift v. United States Border Patrol, 578 F. Supp. 35 (S.D. Tex. 1983),
  judgment aff'd, 731 F.2d 886 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . 8
United States v. Dansby, 509 F. Supp. 188 (N.D. Ohio 1981) . . . . . . . . . . . . . . . . . . . 8
United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
United States v. Testan, 424 U.S. 392 (1976), motion denied, 425 U.S. 957 (1976) . . 8-9

Statutes:

  26 U.S.C.:

      § 6304 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 9, 11
      § 6304(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11
      § 6304(a)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
      § 6304(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      § 7433 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5, 10-13
      § 7433(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11
      § 7521 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5, 12
      § 7521(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
      § 7521(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
      § 7521(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

  Act of July 22, 1998, P.L. 105-455 § 1905(a)(20) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Miscellaneous:

  H.R. Conf. Rep. No. 100-1104, 100th Cong., 2d Sess. 229 (1988),
    reprinted in 1988 U.S.C.C.A.N. 4515, 5289 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO CANSECO and )<br>RELIABLE AMBULANCE SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, CARL )<br>NEIRA, Internal Revenue Service )<br>Agent, LUIS GUERRA, Internal )<br>Revenue Service Agent, ROBERT L. )<br>DAVILA, Criminal Investigation )<br>Division Officer, and VICTOR G. )<br>GUEVARA, Criminal Investigation )<br>Officer, )<br>)<br>Defendants. ) | CIVIL NO. C-00-104 |

**BRIEF IN SUPPORT OF THE UNITED STATES' MOTION
TO DISMISS COMPLAINT AGAINST THE UNITED STATES
AND ITS EMPLOYEES SUED IN THEIR OFFICIAL CAPACITY**

The Plaintiffs have brought this action against the United States and four of its

employees, in both their official and individual capacities. The United States and the four

employees, being sued in their official capacities,[1] have filed a Motion to Dismiss or in the

Alternative, for Summary Judgment. This brief is submitted in support of the motion.

---

[1]    The four employees, being sued in their individual capacities, have filed a separate
motion to dismiss or for summary judgment.

# I.

## STATUTES INVOLVED

26 U.S.C. Sections 6304, 7433 and 7521.

# II.

## ISSUES PRESENTED

1.   The United States is entitled to sovereign immunity, unless it has explicitly been

waived.  Employees of the United States being sued in their official capacity, have

the same sovereign immunity as the United States.  Are the United States, Carl

Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara, being sued in their

official capacities, entitled to sovereign immunity?

2.   The United States has not waived sovereign immunity for constitutional torts.

Has the United States waived sovereign immunity for Plaintiffs allegations

brought under the Fourth, Fifth or Sixth Amendments?

3.   The United States has waived sovereign immunity under 26 U.S.C. § 7433 for

economic damages suffered due to the reckless or intentional disregard of the

provisions of (or regulations promulgated under) Title 26 in connection with the

collection of taxes.

    A.   Revenue Agent Guerra and his manager, Revenue Agent Neira, were involved in

determining the amount of Plaintiffs' taxes, not their collection.  Inspectors Davila

and Guevara were involved in attempting to determine if Plaintiff, Fernando

Canseco, was trying to bribe Revenue Agent Guerra.  Whether the United States

has waived sovereign immunity under 26 U.S.C. § 7433 for acts committed in determining Plaintiffs' tax liabilities or Canseco's criminal liability?

B.  Section 6304 was added to Title 26 by P.L. 105-455 § 1905(a)(20) with an effective date of July 22, 1998.  It applies to communications with taxpayers in connection with the collection of an unpaid tax.  The actions Plaintiffs complain of occurred prior to July 22, 1998 and involve the determination of Plaintiffs' tax liabilities, not their collection. Whether Plaintiffs have stated a violation under 26 U.S.C. § 6304 to which 26 U.S.C. § 7433 applies?

C.  Section 7521 of Title 26 contains procedures to be followed when conducting taxpayer interviews during the determination or collection of any taxes.  It provides that an interview with a taxpayer will be suspended if a taxpayer asks to speak to an attorney.  It specifically does not apply to investigations relating to the integrity of any officer or employee of the Internal Revenue Service.  Plaintiffs make no representation they asked for an attorney during an interview and the Internal Revenue Service refused to honor that request.  The Defendants were not involved in the collection of Plaintiffs' taxes.  Defendants were either trying to determine Plaintiffs' tax liability or investigating the integrity of Neira or Guerra. Whether Plaintiffs have stated a violation under 26 U.S.C. § 7521 to which 26 U.S.C. § 7433 applies?

N:\USERS\cvance\cansecobivens\USbriefmtn2dis.wpd   3

# III.

## OVERVIEW

The Plaintiffs' Complaint alleges that they are suing the United States and four of its employees, in their official and individual capacities. Plaintiffs' Complaint seeks monetary damages, attorney fees and accounting costs. This Brief addresses the dismissal of the action against the United States and its four employees being sued in their official capacities. A separate motion and brief addresses the dismissal of the four employees in their individual capacities.

Since United States employees being sued in their official capacities have the same sovereign immunity as the United States, the issue in this case is whether the United States has waived its sovereign immunity. Plaintiffs claim this is an action under the Fourth, Fifth, and Sixth Amendments to the United States Constitution and 26 U.S.C. §§ 6304(a)(2), (c), 7521 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Presumably, Plaintiffs have cited Bivens for allegations of constitutional torts due to alleged violations of the Fourth, Fifth and Sixth Amendment of the Constitution.

The United States has not waived its sovereign immunity for Bivens actions or constitutional torts. See Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982), cert. denied, 459 U.S. 832 (1982).

Neither 26 U.S.C. §§ 6304(a)(2), (c), or 7521 contain waivers of sovereign immunity which allow damages to be awarded to taxpayers. The Plaintiffs and the Court during the Scheduling Conference discussed 26 U.S.C. § 7433. Section 7433 waives sovereign immunity

for economic losses due to violations of Title 26 or regulation promulgated under Title 26. It appears that the Plaintiffs are arguing the United States may have waived sovereign immunity under § 7433 for alleged violations of 26 U.S.C. §§ 6304 and 7521.

Section 7433 of Title 26 only applies to certain unauthorized collection actions. Since none of the allegations in this case had anything to do with collection, § 7433 does not apply. Furthermore, 26 U.S.C. § 6304 (Fair Tax Collection Practices) was not even in effect at the time in suit. Section 7521 of Title 26 was in effect during the time in suit, and if any violation had occurred during the collection process, one could argue the United States had waived sovereign immunity for its violation. Unfortunately for the Plaintiffs, neither their allegations or the facts support a violation of 26 U.S.C. § 7521.[2] The United States will first discuss sovereign immunity, <u>Bivens</u> and then 26 U.S.C. § 7433.

## IV.

## FACTS

1.   Two of the employee defendants, Luis Guerra and Carl Neira, are Revenue Agents with the Internal Revenue Service. The other employee defendants, Robert L. Davila and Victor G. Guevara, were Inspectors with the Internal Revenue Service, Office of Inspection. They are now Special Agents with the Office of the Treasury Inspector General for Tax Administration ("TIGTA"). (See the Declarations of Neira, Guerra, Davila, and Guevara attached to the Individual

---

[2]   Plaintiffs allegations fail to show a violation of § 7521. The summary judgment evidence shows that it was not violated.

N:\USERS\cvance\cansecobivens\USbriefmtn2dis.wpd   5

Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative

Motion for Summary Judgment as Exhibits 1, 2, 3 and 4.)

2.      During an examination of Plaintiff Reliable Ambulance Service, Inc.'s tax

liability, Revenue Agent Guerra received what he believed may have been a bribe

overture by Plaintiff Fernando Canseco.  He reported the overture to Inspector

Guevara, of the Internal Revenue Service, Office of Inspection.  At that time, the

Office of Inspection was responsible for protecting the integrity of IRS employees.

(See the Declarations of Guerra, Davila, and Guevara attached to the Individual

Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative

Motion for Summary Judgment as Exhibits 2, 3 and 4.)

3.      Inspector Guevara asked Revenue Agent Guerra to try and arrange a face to face

meeting with Canseco so that any bribe overture could be recorded using a body

wire.  Inspector Davila became  involved as the technical person within the Office

of Inspection to arrange the taping during any telephone conversations or body

wires.  (See the Declarations of Guerra, Davila, and Guevara attached to the

Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the

Alternative Motion for Summary Judgment as Exhibits 2, 3 and 4.)

4.      None of the actions taken by  Carl Neira, Luis Guerra, Robert L. Davila and

Victor G. Guevara occurred during the collection of Plaintiffs' tax liabilities.  (See

the Declarations of Neira, Guerra, Davila, and Guevara attached to the Individual

Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative

Motion for Summary Judgment as Exhibits 1, 2, 3 and 4.)

5.      All of the actions complained of by the Plaintiffs occurred before July 22, 1998. (See the Declarations of Neira, Guerra, Davila, and Guevara attached to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment as Exhibits 1, 2, 3 and 4.)

6.      Plaintiff Fernando Canseco never at any time during an interview requested to consult with an attorney, or certified public accountant, or enrolled agent, or other person permitted to represent him before the IRS. (See the Declarations of Neira, Guerra, Davila, and Guevara attached to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment as Exhibits 1, 2, 3 and 4.)

7.      Any conversation between Canseco and Revenue Agent Guerra, taped by the United States, were pursuant to an investigation of a possible bribe overture by Canseco. (See the Declarations of Guerra, Davila, and Guevara attached to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment as Exhibits 2, 3 and 4.)

8.      Copies of the Declarations of Carl Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara are attached to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment as Exhibits 1, 2, 3 and 4, and incorporated herein for all purposes.

# V.

## THE DOCTRINE OF SOVEREIGN IMMUNITY BARS ALL OF PLAINTIFFS' ACTIONS AGAINST THE UNITED STATES, AND ITS AGENTS BEING SUED IN THEIR OFFICIAL CAPACITIES

It is beyond dispute that the United States may not be sued without its consent. The absence of consent is a fundamental, jurisdictional defect that may be asserted at any time. As a sovereign the United States may only be sued where it has expressly consented by statute. Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Mitchell, 445 U.S. 535, 538 (1980). The fact that a plaintiff names employees of the Internal Revenue Service as defendants does not preclude the application of the doctrine of sovereign immunity. Hawaii v. Gordon, 373 U.S. 57 (1963); Ecclesiastical Order of the Ism of Am. Inc. v. Chasin, 845 F.2d 113,115 (6th Cir. 1988); Demery v. Kupperman, 735 F.2d 1139, 1145-1146 (9th Cir. 1984), cert denied, 469 U.S. 1127 (1985); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982); Carelli v. Internal Revenue Service, 668 F.2d 902, 904 (6th Cir. 1982). On the contrary, the bar of sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. Spalding v. Vilas, 161 U.S. 483 (1896); Swift v. United States Border Patrol, 578 F. Supp. 35, 37 (S.D. Tex. 1983), judgment aff'd, 731 F.2d 886 (5th Cir. 1984).

An integral part of the sovereign's power to lift the veil of sovereign immunity is its authority to establish the requirements for proceeding with a lawsuit. See Bruno v. United States, 547 F.2d 71, 73 (8th Cir. 1976); United States v. Dansby, 509 F. Supp. 188 (N.D. Ohio 1981). Any lawsuit which is (1) not provided for by statute, or (2) does not comply with the statutory requirements must be dismissed because it is jurisdictionally defective. See United States v. Testan, 424 U.S. 392, 399

N:\USERS\cvance\cansecobivens\USbriefmtn2dis.wpd   8

(1976), motion denied, 425 U.S. 957 (1976); Land v. Dollar, 330 U.S. 731 (1947). This case, therefore, must be dismissed unless sovereign immunity has been waived.

It is incumbent for the Plaintiffs to state in their Complaint the grounds upon which the sovereign consents to this suit. See Harvey Construction Company v. Robertson-CECO Corp., 10 F.3d 300, 303 (5th Cir. 1994). A review of Plaintiffs' allegations shows that the United States has not waived sovereign immunity in this case.

In the Plaintiffs' Complaint, they do not attempt to allege jurisdictional waivers of sovereign immunity. However, the Plaintiffs are seeking to allege a Bivens cause of action. The causes of action against the United States, and the employees, being sued in their official capacities, are therefore subject to dismissal for lack of subject matter jurisdiction on the basis that it is barred by the doctrine of sovereign immunity.

## VI.

### PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION AGAINST THE UNITED STATES FOR CONSTITUTIONAL TORT

One possible interpretation of Plaintiffs' Complaint is that they are bringing a suit against the United States for constitutional tort. The United States, however, has not waived sovereign immunity for such actions. Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982), cert. denied, 459 U.S. 832 (1982). A claim under Bivens may not be brought against the United States or its agencies. F.D.I.C. v. Meyer, 510 U.S. 471 (1994). Furthermore, respondeat superior is not available as basis for imposing vicarious liability on federal employer in a Bivens action. Abate v. Southern Pacific Transportation Co., 993 F.2d 107 (5th Cir. 1993). Accordingly, any claims against the

United States under <u>Bivens</u> must be dismissed.  Additionally, any claims against the employees, being sued in their official capacities, pursuant to <u>Bivens,</u> must be dismissed.

## VII.

### PLAINTIFFS HAVE FAILED TO STATE<br>A CAUSE OF ACTION UNDER 26 U.S.C.<br><u>§ 7433 FOR WHICH RELIEF MAY BE GRANTED</u>

Although Plaintiffs' Complaint does not specifically refer to 26 U.S.C. § 7433, it contains allegations which arguably could be construed as an attempt to allege an action under 26 U.S.C. § 7433.  However, actions under 26 U.S.C. § 7433 are limited to actions occurring in connection with the <u>collection</u> of  federal taxes.  The Plaintiffs' allegations do not relate to the collection of Plaintiffs' tax liabilities.  The Plaintiffs' allegations involve either the determination of Plaintiffs' civil tax liability, <u>not</u> its collection or whether the Plaintiffs' were attempting to bribe an employee of the Internal Revenue Service.

Section 7433(a), of Title 26, authorizes a taxpayer to bring a civil action for damages against the United States when any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the Internal Revenue Code or any regulation promulgated thereunder.  As the Conference Report states, 26 U.S.C. § 7433 "...is limited to reckless or intentional disregard in connection with the collection of taxes.  An action under this provision may not be based on alleged reckless or intentional disregard in connection with the determination of tax."  H.R. Conf. Rep. No. 100-1104, 100th Cong., 2d Sess. 229 (1988), <u>reprinted in</u> 1988 U.S.C.C.A.N. 4515, 5289.  It necessarily follows that the actions taken by the United States' employees relating to the determination of a tax liability cannot serve as the basis of a 26 U.S.C. § 7433 action.

N:\USERS\cvance\cansecobivens\USbriefmtn2dis.wpd  10

Furthermore, even if this action could be brought under 26 U.S.C. § 7433, it could not be brought for mere negligence or carelessness on the part of the Internal Revenue Service employees. See 26 U.S.C. § 7433(a); Campbell, et al v. United States, 68 A.F.T.R.2d (RIA) 91-5386 (N.D. Ill. 1991)[3] (a copy is attached as Exhibit A). Additionally, as with any other waiver of sovereign immunity, Congress can and has placed certain perquisites on a taxpayer's ability to bring an action under this section.

## VIII.

## SPECIFIC VIOLATIONS OF STATUTE

The courts have required that taxpayers specifically plead the exact provision of the Internal Revenue Code or regulations, which they allege was intentionally or recklessly disregarded. See Gonsalves v. Internal Revenue Service, 975 F.2d 13, 16 (1st Cir. 1992); Inman v. Commissioner, 75 A.F.T.R. 2d (RIA) 95-1821, 1822 (E.D. Cal. 1995) (a copy is attached as Exhibit B.). The only specific statutes (or regulations) alleged in the Complaint refer to 26 U.S.C. §§ 6304(a)(2)(C) and 7521.

## 26 U.S.C. § 6304(a)(2)(C)

Section 6304, of Title 26, deals with fair tax collection procedures. The Plaintiffs' Complaint does not involve any actions undertaken in the **collection** of taxes. Additionally, 26 U.S.C. § 6304 was not effective until July 22, 1998. All allegations in the Complaint deal with actions that occurred prior to July 22, 1998, thus 26 U.S.C. § 6304 is not applicable in this case.

---

[3]Section 7433 has been amended to allow actions for negligence occurring after July 28, 1998. The actions alleged in this action all occurred prior to July 28, 1998. The amendments did not change the requirement that the action complained of must have occurred in connection with the collection of a tax liability.

N:\USERS\cvance\cansecobivens\USbriefmtn2dis.wpd  11

## 26 U.S.C. § 7521

Section 7521, of Title 26, provides procedures that must be followed when conducting taxpayer interviews. Guidelines to follow in recording interviews are discussed in 26 U.S.C. § 7521(a). The Plaintiffs' Complaint does not allege that these procedures were not followed. A right to consultation of an attorney is provided in 26 U.S.C. § 7521(b)(2). Section § 7521(b)(2) states that "[i]f the taxpayer clearly states to an officer or employee of the Internal Revenue Service at any time during an interview ... that the taxpayer wishes to consult with an attorney, certified public accountant, enrolled agent, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service, such officer or employee shall suspend such interview regardless of whether the taxpayer may have answered one or more questions." Nowhere in the Plaintiffs' Complaint is it alleged that at anytime the Plaintiffs requested to suspend an interview and the Internal Revenue Service employee did not honor the request. Additionally, 26 U.S.C. § 7521(d) provides that this section does not apply to criminal investigations. Many of the tape recordings and interviews at issue in this case were conducted during a criminal investigation of Fernando Canseco, thus 26 U.S.C. § 7521 would not be applicable.

## 26 U.S.C. § 7433

If Plaintiffs are alleging an action under 26 U.S.C. § 7433, it should be dismissed for failure to state what statute they claim was violated.

## IX.

## SUMMARY

The Plaintiffs' causes of action against the United States and its four employees, being sued in their official capacities, should be dismissed or in the alternative, for summary judgment should

N:\USERS\cvance\cansecobivens\USbriefmtn2dis.wpd   12

be granted.  The Plaintiffs  failed to state a cause of action for which the United States has waived

sovereign immunity.  They have failed to state a claim that is provided for under 26 U.S.C. § 7433.

Thus, United States, and its employees, in their official capacities should be have all cause of action

brought against them dismissed, or in the alternative, they should be granted summary judgment.

                         Respectfully submitted,

                         PAULA M. JUNGHANS
                         Acting Assistant Attorney General

                         JOSEPH A. PITZINGER, III
                         State Bar No. 16055800
                         CYNTHIA A. VANCE
                         State Bar No. 00791843
                         Attorneys, Tax Division
                         Department of Justice
                         Maxus Energy Tower
                         717 N. Harwood, Suite 400
                         Dallas, Texas 75201
                         (214) 880-9721; 9728; 9762

MERVYN M. MOSBACKER
United States Attorney

May 2000