IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUN 6 2000

Michael N. Milby, Clerk of Court

| | |
|---|---|
| FERNANDO CANSECO and RELIABLE AMBULANCE SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CIVIL NO. C-00-104 ) |
| UNITED STATES OF AMERICA, CARL NEIRA, Internal Revenue Service Agent, LUIS GUERRA, Internal Revenue Service Agent, ROBERT L. DAVILA, Criminal Investigation Division Officer, and VICTOR G. GUEVARA, Criminal Investigation Officer, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### SUPPLEMENT TO THE INDIVIDUAL DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

The Individual Defendants Carl Neira, Luis Guerra, Carl Neira, Robert L. Davila and Victor G. Guevara filed a Brief in Support of Their Motion to Dismiss Plaintiffs' Complaint or in the Alternative for Summary Judgment. Attached as Exhibit 1 to the Brief was the Declaration of Carl Neira. The Declaration of Carl Neira contained an Exhibit D. The Exhibit D attached to the Neira Declaration, as filed with the Brief, was incomplete. Attached to this Supplement is a

complete Exhibit D to the Neira Declaration (Exhibit 1 to the Brief in Support of Their Motion to Dismiss Plaintiffs' Complaint or in the Alternative for Summary Judgment), to replace the one previously filed.

                Respectfully submitted,

                PAULA M. JUNGHANS
                 Acting Assistant Attorney General

                */s/ Joseph A. Pitzinger*
                JOSEPH A. PITZINGER, III
                State Bar No. 16055800
                CYNTHIA A. VANCE
                State Bar No. 00791843
                Attorneys, Tax Division
                Department of Justice
                Maxus Energy Tower
                717 N. Harwood, Suite 400
                Dallas, Texas 75201
                (214) 880-9721; 9728; 9762

MERVYN M. MOSBACKER
United States Attorney

June 2000

# Required Filing Checks   Chapter 5

| | | |
|---|---|---|
| 5.2.8 (05/14/99)<br>**Case File Documentation** | (1) | Examiners are required to document RFC actions taken and decisions made on Form 4318 Examination Workpapers, Form 4700, Examination Planning and Workpapers or Form 5773, (EP/EO) Workpaper Summary Continuation Sheet. |
| | (2) | If the taxpayer has correctly filed all required returns, the examiner should identify the specific returns in the comments. |
| | (3) | If the minimum required checks are not completed, an explanation is to be included and managerial involvement documented. See Exhibit 4.2.5-2 for proforma casefile documentation for the required filing checks. |
| 5.3 (05/14/99)<br>**Prior and Subsequent Year Returns** | (1) | The taxpayer's prior and subsequent years' returns should be inspected for proper filing and to evaluate audit potential. The returns should be evaluated for issues related to the year under examination and for large, unusual, and questionable items. |
| 5.3.1 (05/14/99)<br>**Pre-Contact Analysis** | (1) | As part of the pre-contact analysis, the examiner should requisition CFOL to obtain copies of the prior and subsequent years' tax return information to confirm filing and evaluate audit potential. |
| | (2) | If the CFOL information does not provide enough detail, the examiner should inspect the taxpayer's retained copy or requisition the original return. |
| 5.3.2 (05/14/99)<br>**Inspected Returns Not Examined: Mandatory Comments** | (1) | If the inspection of the prior and/or subsequent year return does not result in examination of either or both returns, the examiner should document on Form 4700/4318 why an examination was not warranted. If adjustments were made to the return(s) under audit, the examiner must specifically document why the other years were not examined. |
| 5.3.3 (05/14/99)<br>**Examination Information Reports** | (1) | When an examiner develops an issue or receives information of sufficient compliance value to warrant follow-up actions concerning a return filed out of district or to be filed by another taxpayer, Form 5346, Examination Information Report, will be prepared and submitted to the examiner's immediate supervisor for approval. |
| | (2) | Example: An examiner audited the taxpayer's 1997 income tax return and reduced the net operating loss from $300,000 to $240,000. The taxpayer carried back the net operating loss to the prior three years and had an unabsorbed loss available for carry forward totaling $100,000. Since the audit adjustments reduced the net operating loss carry forward from $100,000 to $40,000 and the 1998 tax return had not been filed, the examiner should prepare Form 5346 to reflect the changes made to the net operating loss carry forward. |

(3) An Examination Information Report should also be issued when there are significant balance sheet adjustments. See Chapter 3 of this handbook.

**5.3.4 (05/14/99)
Inspected Returns Examined**

(1) If the examiner decides that examination of the inspected return(s) is warranted, the return(s) will be examined concurrently with the assigned return. However, the examiner should follow the 26/27 months examination cycle time guidelines. See IRM 2.2.2 of this handbook for more information on examination cycles.

(2) The examiner will inform the taxpayer of the decision to examine the return and ask whether the return(s) is currently under examination. If the taxpayer states that the return is under examination, the examiner should verify this through AIMS research (i.e., obtain a copy of a transcript and/or AMDISA) before commencing any examination based on the taxpayer's retained copy.

(3) If the requested return is under examination in another district, the examiner will contact that district to coordinate the transfer of the return(s) to one examiner.

(4) If the return is located in the district, but at another post of duty (POD), the group manager will contact the POD to coordinate the transfer of the case.

(5) If the research reveals that the return is not under examination, AIMS control must be established.

**5.3.5 (05/14/99)
Closing Case On Taxpayer's Retained Copy**

(1) If the case is closed on the taxpayer's retained copy, the examiner should use either the Settlement Codes printed on Form 5546, Examination Return Charge-Out Sheet, or a transcript to confirm the tax shown on the retained copy. See Exhibit 104.3.1-1, AIMS/Processing, for instructions for closing when using this method.

**5.3.6 (05/14/99)
Returns Not Filed**

(1) See 5.2.4 above, Returns Not Filed, above for more information.

**5.4 (05/14/99)
Related Returns**

(1) Related returns are returns that have a relationship to the return under audit. Returns are considered related if:

    a. adjustments made to one return require corresponding adjustments to the other return, to ensure consistent treatment. Also refer to IRC Sections 1313(c) and 267.
    b. returns are for entities over which the taxpayer has control and which can be manipulated to divert funds or camouflage financial transactions.

(2) Returns should be inspected to determine:

      a. whether the effects of the examined taxpayer's activities are correctly reflected on the related taxpayer's return; and
      b. if there is audit potential (see 5.2.3 above).

**5.4.1 (05/14/99)**
**Pre-Audit Analysis**

(1) CFOL information is to be obtained on all known related returns that have been filed. An evaluation of all information available is to be made and, if needed, the return may be requested on Form 4564, Information Document Request, sent with the initial appointment letter.

(2) PMFOL is used to determine what related returns have been filed and RTVUE and BRTVU information is used to evaluate audit potential.

(3) A copy of the related return may be requested from the taxpayer if necessary.

**5.4.2 (05/14/99)**
**Interview**

(1) The examiner should ask about the taxpayer's involvement with partnerships, corporations, and related family transactions.

(2) The taxpayer should be questioned to identify all related returns and determine if they have been filed. Delinquent return procedures should be followed for any unfiled returns.

(3) Specific questions regarding information on these related returns should not be asked. This would constitute an examination.

**5.4.3 (05/14/99)**
**Examination Issues**

(1) When examining books and records, examiners should consider the effect of items on related returns. Correct reporting of flow-through items should be observed, whipsaw issues checked, and reporting of related transactions verified.

(2) If the examiner determines there is audit potential, the audit should be expanded or Form 5346, Examination Information Report, will be prepared and submitted to the examiner's supervisor for approval.

**5.4.4 (05/14/99)**
**Closing On a Copy**

(1) Examination of Form(s) 1040, 1041, 1065, 1120, 1120S, 720 and 2290 may be closed based on the taxpayer's retained copy. The examiner should use either the Settlement Codes printed on Form 5546, Examination Return Charge-Out Sheet or a transcript to confirm the tax shown on the retained copy. See Exhibit 104.3.1-1, AIMS/Processing for instructions for closing when using this method.

**5.5 (05/14/99)**
**Employment Taxes and Other Withholding Taxes**

(1) Employment tax returns of a business taxpayer are to be considered for examination at the same time the income tax return is examined, as required by Policy Statement P-4-4.

(2) Withholding taxes include employment taxes such as FICA, RRTA, FWT, and FUTA, as well as back-up withholding, withholding on income paid to foreign persons, and withholding on gambling winnings.

(3) Withholding also includes the tax imposed on a buyer or other transferee (withholding agent) when a U.S. real property interest is acquired from a foreign person (IRC Section 1445).

### 5.5.1 (05/14/99) Pre-Audit Analysis

(1) The examiner should inspect CFOL information for each withholding tax return filed up to and including the last quarter for which a withholding tax return was due. BMFOL identifies returns filed by the taxpayer and BRTVU provides return information for the Form 940 series of returns.

### 5.5.2 (05/14/99) Examination of Employment Tax Returns

(1) A withholding tax examination is warranted if:

    a. available information indicates that the withholding tax liabilities have not been correctly reported;
    b. delinquent returns are secured and indicate audit potential; or
    c. the potential additional liability or the resulting improvement in voluntary compliance will justify the expenditure of time required to make necessary verification and adjustment.

(2) Handbook 4.3.2, Employment Tax, provides information on employment tax procedures and instructions for the preparation of examination reports covering withholding examinations.

(3) If a payer willfully fails to collect or pay over withholding taxes, the examiner will consider asserting the penalty provisions under IRC Section 6672 (See IRM 120.1, Penalties Handbook).

(4) If an examination is warranted, it is to be made concurrently with the income tax examination and should cover the same periods. See Exhibit 4.2.5-3 for a Pro Forma Employment Tax Checksheet.

(5) If an examination results in a no change of employment tax, or of the amount claimed under IRC Sections 6420, 6421 or 6424 as a credit on the income tax return or allowed on a separate claim, the examiner will include a statement to that affect in the "Other Information" space on the report form and identify the employment tax returns and claims examined. Appropriate comments will be made on Form 4318.

### 5.5.3 (05/14/99) Worker Classification Issues

(1) Examiners are also required to consider the issue of employee versus independent contractor. The status of a worker as either an independent contractor or employee must be determined accurately to ensure that workers are properly classified for withholding purposes. If employees are improperly classified as independent contractors, examiners are required to give taxpayers written notice of the relief available under Section 530 of the Revenue Act of 1978, prior to beginning an audit involving worker classification.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Supplement to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment has been made on June 5, 2000 by mailing a copy thereof to:

Jo Ellen Hewins
CANALES & SIMONSON, P.C.
2601 Morgan Avenue
Corpus Christi, Texas 78405

_____
JOSEPH A. PITZINGER, III