IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUL 17 2000

MICHAEL N. MILBY, CLERK

| | |
|---|---|
| FERNANDO CANSECO and RELIABLE AMBULANCE SERVICES, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL NO. C-00-104 ) |
| UNITED STATES OF AMERICA, CARL NEIRA, Internal Revenue Service Agent, LUIS GUERRA, Internal Revenue Service Agent, ROBERT L. DAVILA, Criminal Investigation Division Officer, and VICTOR G. GUEVARA, Criminal Investigation Officer, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### UNITED STATES' REPLY BRIEF TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

The Defendants file this Reply to Plaintiffs' Response to the Motions to Dismiss or in the Alternative, for Summary Judgment. One of the Motions to Dismiss was filed by the United States and its employees sued in their official capacities, and the other was filed by the Individual Defendants. The Plaintiffs filed a single response to the Defendants' Motions to Dismiss. The Defendants hereby incorporate their Briefs in Support of their Motions to Dismiss. Additionally, the Defendants would respectfully show the following:

# I.
# ARGUMENT

## Plaintiffs' Confusion as to the Applicable Law

The Plaintiffs' Response Brief is filled with misstatements of the law. The following are a few of the most blatant misstatements made by the Plaintiffs:

In the Plaintiffs' Response they repeatedly refer to the Internal Revenue Service Restructuring and Reform Act of 1998 as Taxpayer Bill of Rights (TBOR) III. The Taxpayer Bill of Rights III provisions were only a portion of the Internal Revenue Service Restructuring and Reform Act of 1998. The Plaintiffs reliance on the Internal Revenue Service Restructuring and Reform Act of 1998 is misplaced; it was not enacted until July 22, 1998. The provisions of the Internal Revenue Service Restructuring and Reform Act of 1998 were not retroactively adopted – they only apply to actions occurring AFTER July 22, 1998.

The Plaintiffs repeatedly rely on provisions of the Internal Revenue Code dealing with the collection of tax liabilities. No collection activity occurred regarding the Plaintiffs. A collection activity is the process by which the IRS, acting as a creditor, seeks to collect its tax debt. This process is comparable to the process used by a general creditor to collect a debt. Michael J. Saltzman, <u>IRS Practice and Procedure</u> ¶ 14.01 (1991). Neither the review of a refund claim, or the investigation of a bribery attempt are collection activities.

The Plaintiffs claim that their rights were somehow violated by alleged failures to comply with the Internal Revenue Manual.[1] The Internal Revenue Manual was not intended to be used as

---

[1] The Defendants do not believe that their actions in this case were in violation of the Internal Revenue Manual.

N:\USERS\cvance\cansecobivens\replybrief1.wpd          2

a sword by taxpayers. It was not promulgated pursuant to any mandate or delegation of authority by Congress. First Federal Savings and Loan Association v. Goldman, 644 F.Supp. 101 (W.D. Pa. 1986). It was adopted for the administration of Internal Revenue Service. Even if the Internal Revenue Service, or one of its employees, failed to abide by the Internal Revenue Manual, that does not convey affirmative rights on taxpayers. United States v. Caceres, 440 U.S. 741 (1979); United States v. Knight, 898 F.2d 436, 438 (5th Cir. 1990).

      Additionally, there are numerous instances where the Plaintiffs refers to the Congressional Record related to hearings about tactics used by IRS agents. The Defendants believe that the congressional hearings that the Plaintiffs are referring to were the Senate Finance Committee's IRS Oversight Hearings held by Senator Roth in 1998. In May of 1999, the General Accounting Office issued a letter to Senator Roth informing him that there was no evidence to support many of the allegations of IRS misconduct.[2] The mere fact that allegations of IRS misconduct were made, does not mean that these allegations were true or should be relied upon by the Court.

## Bivens

      The Plaintiffs contend that they should be allowed a Bivens[3] claim against the four Individual Defendants. It is clear, however, that the Complaint fails to state a constitutional violation and therefore must be dismissed. The Plaintiffs' Response and the Declaration of Vincente Sepulveda, attached as Exhibit A to the Plaintiffs' Response, are filled with outlandish

---

[2] A copy of the General Accounting Office report may be found on Westlaw at 2000 WL 80-13.

[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

unsubstantiated and false allegations. However, even if every one of the outlandish allegations are true, which they are not, the Plaintiffs are still not entitled to a <u>Bivens</u> claim against the Individual Defendants because constitutional violation has not been established.

The actions undertaken by the Individual Defendants in this case were all pursuant to their official duties. Canseco filed a request for refund for tax years 1993 and 1990. In the refund request Canseco claimed that he had failed to deduct a bad debt loss in the amount of $510,314; and thus, he was then seeking to amend his return and claim a bad debt deduction. This bad debt deduction stemmed from loans that Canseco alleged to have made to his 100% owned corporation, Reliable Ambulance Services, Inc. (Reliable). Canseco claimed that these loans became worthless in 1993 and thus he was entitled to claim a bad debt deduction in that year and to carry any net operating loss back to 1990.[4] Due to the nature of the deduction claimed by Canseco, there was a need to survey the returns of the related entity Reliable. Reliable's corporate returns and records were necessary to substantiate the existence of the alleged advances, whether the advances were loans or contributions to capital, and whether the advances were in fact worthless.

It would have been a dereliction of duty for the IRS, through its agents, to not look into the validity of a request for refund of taxes in the amount of $132,360. Now, the Plaintiffs seek to bootstrap from the IRS efforts to investigate a refund claim, and from the fact that the IRS had not acted upon the refund claim within six months of it being filed. The law provides that if the IRS has not acted upon a refund claim six months after it is filed, the taxpayer can then file a

---

[4] See the Declaration of Carl Neira and Luis Guerra attached as Exhibits 1 and 2 to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment.

responsible for the violation." Schweiker, 487 U.S. at 421-22. The Court conducted a thorough analysis of the denial of Bivens remedies in Chappell v. Wallace, 462 U.S. 296 (1983) dealing with refusal to create a Bivens remedy in the case of enlisted military personnel who alleged they were injured by the unconstitutional actions of their superior officers and who had no remedy against the Government itself; and Bush v. Lucas, 462 U.S. 2404 (1983), where the Court declined to create a Bivens remedy for a First Amendment violation in the course of federal government employment even though existing remedies were inadequate. In each of these cases the Court determined that "the case involved policy questions in an area that had received careful attention from Congress." Schweiker, 487 U.S. at 423.

> The concept of "special factors counseling hesitation in the absence of affirmative action by Congress" has proved to include an appropriate judicial deference to indications that congressional inaction has not been inadvertent. When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies.

Schweiker, 487 U.S. at 423.

Recently, the Third Circuit found that a damages remedy pursuant to Bivens should not be inferred against an IRS agent for alleged constitutional violations, because Congress had created an extensive scheme providing remedies to a plaintiff complaining of the conduct of government officials in connection with tax assessments and collections. Shreiber v. Mastrogiovanni, 2000 WL 696303 (3rd Cir. 2000).

> Even though § 7433 was narrowed in scope during the drafting process, Congress has provided other methods by which a taxpayer can challenge an assessment. See 26 C.F.R. § 601.103(c) (explaining options available to a taxpayer). A taxpayer may

> pursue an internal appeal with the IRS, see 26 C.F.R. § 106, sue for a refund in federal court, see 28 U.S.C. § 1346(a)(1), 26 U.S.C. §§ 6511, 7422, or appeal the assessment to the Tax Court, see 26 U.S.C. §§ 6213, 6214. Attorney's fees may be recovered in certain circumstances when the taxpayer is successful. See 26 U.S.C. § 7430.

Shreiber, 2000 WL 696303 at *3. In reaching its decision the Court relied heavily upon Schweiker v. Chilicky, 487 U.S. 412, 421-22 (1988) and Bush v. Lucas, 462 U.S. 367 (1983).

> ...[T]he legislative history of 26 U.S.C. § 7433(a) indicates that Congress did not inadvertently fail to codify a cause of action for assessment conduct; rather, Congress deleted "determinations"--which would have included assessments--in passing the statutory provision. Moreover, Congress modified what was in draft form a remedy for violations of "federal law" and enacted instead a remedy for violations only of the IRS code and regulations. Congress chose to provide certain remedies, and not others, as part of the complex statutory scheme which regulates the relationship between the IRS and taxpayers. We will not create a remedy where Congress has chosen not to." As with the administration of welfare benefits, the organization of the tax system, and the balancing of governmental efficiency and individual rights, is best left to Congress.

Shreiber, 2000 WL 696303 at *4 citing Schweiker, 487 U.S. at 429.

In Schreiber, the plaintiff alleged that his constitutional rights were violated during assessment activities. The Court found that Congress had established a statutory scheme providing remedies for incorrect assessments even in the context of constitutional rights violations, and that the focus should be on the alleged wrong not on the remedy provided. Shreiber, 2000 WL 696303 at *5.

> In sum, Shreiber asks us to infer a federal damages remedy under Bivens for violation of his Fifth Amendment protections of due process and equal protection by an IRS agent charged with auditing his tax returns. We decline to do so because we believe that Congress's efforts to govern the relationship between the taxpayer

> and the taxman indicate that Congress has provided what it considers to be adequate remedial mechanisms for wrongs that may occur in the course of this relationship. See Schweiker, 487 U.S. at 424, 108 S.Ct. 2460. The fact that Shreiber's complaint seeks damages not otherwise provided for in the legislative scheme and alleges wrongful religious animus does not alter our analysis.

Shreiber, 2000 WL 696303 at *7.

The very cases cited by the Plaintiffs in their Response, were relied upon by the Court in Shreiber in reaching its determination that a damages remedy pursuant to Bivens should not be inferred against an IRS agent for alleged constitutional violations.

## Sepulveda Declaration

One key factor that the Plaintiffs fail to recognize is that Mr. Sepulveda is not a party to this proceeding, and thus there is no cause of action that the Plaintiffs can bring for alleged grievances that occurred to Mr. Sepulveda. Neither Canseco, or a representative of Reliable, submitted a Declaration claiming that their rights were violated, yet they are the Plaintiffs. They cannot bring a cause of action for the violation of another individual's rights.

## The Plaintiffs' Position is Extreme and Unsubstantiated

The Plaintiffs' extreme positions are evidenced by reckless remarks such as "he has been deprived of his property since 1993." Canseco did not filed his refund claim until August of 1997. Hence, until August 1997, he never took the position on his tax return that he had made advances to Reliable, which were loans, that became worthless in 1993. The IRS cannot be expected to know Canseco's tax position before Canseco does.

The Plaintiffs' Complaint is based on the bizarre premise that as retaliation against Canseco for filing a refund claim, IRS employees sought to entrap him in the criminal activity of

N:\USERS\cvance\cansecobivens\replybrief1.wpd           8

attempting to bribe an IRS agent. Canseco has failed to submit an affidavit contesting the remark he made to Luis Guerra regarding having his car air conditioner repaired.[5] Even Plaintiffs' accountant, admits that this remark by Canseco sounded bad.

The Plaintiffs allege that they were the subject of a criminal investigation conducted under the guise of a civil examination. Even if the Plaintiffs' allegations are true,[6] the remedy for such an occurrence is the suppression of any wrongfully acquired evidence in a criminal case, not a Bivens claim. See United States v. Caldwell, 820 F.2d 1395 (5th Cir. 1987); United States v. Tweel, 550 F.2d 297 (5th Cir. 1977). It is important to note that the Supreme Court has held that evidence obtained in violation of the Fourth Amendment may be used by the government in a federal civil tax proceeding. Janis v. United States, 429 U.S. 874 (1976).

Entrapment can, of course, be a valid defense to a criminal conviction, but that defense is not constitutionally based, and there simply is no constitutional "right" to be free from entrapment, from attempted entrapment, or even from being "targeted" in a sting operation. United States v. Collins, 972 F.2d 1385, 1395 (5th Cir. 1992), cert denied, 507 U.S. 1017 (1993); United States v. Allibhai, 939 F.2d 244 (5th Cir.1991), cert. denied, 502 U.S. 1072 (1992). Indeed, the Fifth Circuit in Allibhai expressly rejected the notion that there is some sort of constitutional "right" to be free of investigation or any sort of constitutional "right to be let

---

[5] See the Declaration Luis Guerra attached as Exhibit 2 to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment.

[6] Neither the United States or its four employees, sued in both their official and individual capacities, admits that the Plaintiffs' allegations are true. See the Declarations of Carl Neira, Luis Guerra, Robert L. Davila and Victor G. Guevara attached as Exhibits 1, 2, 3 and 4 to the Individual Defendants' Brief in Support of Their Motion to Dismiss, or in the Alternative Motion for Summary Judgment.

alone." Id., 939 F.2d at 248-249. In Collins, the Fifth Circuit confirmed its rejection in Allibhai of the proposition that the government must have some reasonable suspicion that an individual is involved in some illegalities before targeting him in a sting operation. The Collins Court expressly declined to carve out an exception to the general rule that there is no "right to be left alone," even for federal judges. Id., 972 F.2d at 1396. Plaintiffs appear to be alleging that the IRS should not be allowed to investigate bribery allegations regarding its agents. Such a concept would chill, if not outlaw, the investigatory powers of the government.

"Our tax collection system depends primarily on the voluntary compliance of taxpayers acting in good faith. Congress has chosen to enforce this system of self-assessment through an agency vested with broad investigatory powers. The enforcement of the revenue laws contemplates that the IRS may verify the basis of a return by a thorough audit of a taxpayer's records." United States v. El Paso Co., 682 F.2d 530, 545 (5th Cir. 1982). The Plaintiffs have no right to be free from IRS audit as they allege in their Response.

The Plaintiffs' claim that they have a constitutional right to be free from audit is even more bizarre when you consider that they also complain that the IRS failed to open up complete audits of Reliable, and this too was a violation of their rights. Besides being incorrect, the Plaintiffs' arguments and allegations are haphazard and uncomprehensible.

### 26 U.S.C. § 6304(a)(2)(C)

Section 6304, of Title 26, deals with fair tax collection procedures. The Plaintiffs' Complaint does not involve any actions undertaken in the **collection** of taxes. Additionally,

26 U.S.C. § 6304 was not effective until July 22, 1998. All allegations in the Complaint deal with actions that occurred prior to July 22, 1998, thus 26 U.S.C. § 6304 is not applicable in this case.

**26 U.S.C. § 7521**

Section 7521, of Title 26, provides procedures that must be followed when conducting taxpayer interviews. Guidelines to follow in recording interviews are discussed in 26 U.S.C. § 7521(a). The Plaintiffs' Complaint does not allege that these procedures were not followed. A right to consultation of an attorney is provided in 26 U.S.C. § 7521(b)(2). Section § 7521(b)(2) states that "[i]f the taxpayer clearly states to an officer or employee of the Internal Revenue Service at any time during an interview ... that the taxpayer wishes to consult with an attorney, certified public accountant, enrolled agent, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service, such officer or employee shall suspend such interview regardless of whether the taxpayer may have answered one of more questions." Nowhere in the Plaintiffs' Complaint or Response is it alleged that at anytime the Plaintiffs requested to suspend an interview and the Internal Revenue Service employee did not honor the request. Additionally, 26 U.S.C. § 7521(d) provides that this section does not apply to criminal investigations. Thus, 26 U.S.C. § 7521 would not be applicable.

**26 U.S.C. § 7433**

Neither 26 U.S.C. §§ 6304(a)(2), (c), or 7521 contain waivers of sovereign immunity which allow damages to be awarded to taxpayers. The Plaintiffs and the Court during the Scheduling Conference discussed 26 U.S.C. § 7433 and the Plaintiffs have raised it in their

Response. Section 7433 waives sovereign immunity for economic losses due to violations of Title 26 or regulations promulgated under Title 26. It appears that the Plaintiffs are arguing the United States may have waived sovereign immunity under § 7433 for alleged violations of 26 U.S.C. §§ 6304 and 7521. It should be noted that the Plaintiffs' Complaint makes no direct allegations that there has been a violation of the Internal Revenue Code entitling the Plaintiffs to recover pursuant to 26 U.S.C. § 7433 was violated.

As the Conference Report states, 26 U.S.C. § 7433 "...is limited to reckless or intentional disregard in connection with the collection of taxes. An action under this provision may not be based on alleged reckless or intentional disregard in connection with the determination of tax." H.R. Conf. Rep. No. 100-1104, 100th Cong., 2d Sess. 229 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5289. It necessarily follows that the actions taken by the United States' employees relating to the determination of a tax liability cannot serve as the basis of a 26 U.S.C. § 7433 action. The Plaintiffs' allegations do not relate to the collection of Plaintiffs' tax liabilities. "...[I]mproper assessment deals with the decision to impose tax liability while improper collection involves conduct of an agent trying to collect the taxes owed." Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994). The Plaintiffs' allegations involve either the determination of Plaintiffs' civil tax liability, not its collection, or whether the Plaintiffs were attempting to bribe an employee of the Internal Revenue Service.

The courts have required that taxpayers specifically plead the exact provision of the Internal Revenue Code or regulations, which they allege was intentionally or recklessly

disregarded. See <u>Gonsalves v. Internal Revenue Service</u>, 975 F.2d 13, 16 (1st Cir. 1992); <u>Inman v. Commissioner</u>, 75 A.F.T.R. 2d (RIA) 95-1821, 1822 (E.D. Cal. 1995). The only specific statutes (or regulations) alleged in the Complaint refer to 26 U.S.C. §§ 6304(a)(2)(C) and 7521. If Plaintiffs are alleging an action under 26 U.S.C. § 7433, it should be dismissed for failure to state what statute they claim was violated.

## II.
## CONCLUSION

The Plaintiffs failed to state a cause of action for which the United States has waived sovereign immunity and they have failed to state a claim that is actionable under 26 U.S.C. § 7433. Thus, United States, and its employees, in their official capacities should be have all cause of action brought against them dismissed, or in the alternative, they should be granted summary judgment.

Additionally, the Plaintiffs have failed to meet the specific heightened pleading requirements of a <u>Bivens</u> action in which the Individual Defendants are claiming qualified immunity. They have failed to set out a violation of either Plaintiffs' Fourth, Fifth or Sixth Amendment rights for which relief may be granted. Thus, the Plaintiffs' Complaint should be dismissed. Alternatively, summary judgment evidence shows that none of the Individual

Defendants violated either Plaintiffs' clearly established Fourth, Fifth or Sixth Amendment rights which the Individual Defendants should have reasonably known.

Respectfully submitted,

PAULA M. JUNGHANS
 Acting Assistant Attorney General

JOSEPH A. PITZINGER, III
 State Bar No. 16055800
CYNTHIA A. VANCE
 State Bar No. 00791843
 Attorneys, Tax Division
 Department of Justice
 Maxus Energy Tower
 717 N. Harwood, Suite 400
 Dallas, Texas 75201
 (214) 880-9721; 9728; 9762

MERVYN M. MOSBACKER
 United States Attorney

July 2000

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Reply Brief to Plaintiffs' Response to Defendants' Motions to Dismiss, or in the Alternative Motion for Summary Judgment has been made on July 14, 2000 by mailing a copy thereof to:

Jo Ellen Hewins
CANALES & SIMONSON, P.C.
2601 Morgan Avenue
Corpus Christi, Texas 78405

CYNTHIA A. VANCE